**HILTON INTERNATIONAL CO. d/b/a Caribe Hilton Hotel, Plaintiffs,**

v.

**UNION de TRABAJADORES de la INDUSTRIA GASTRONOMICA de PUERTO RICO, LOCAL 610, OF the HOTEL, RESTAURANT, EMPLOYEES AND BARTENDERS INTERNATIONAL UNION, AFL-CIO, Defendant.**

**Civ. No. 45-71.**

United States District Court,
D. Puerto Rico.

June 23, 1971.

Cohen & Lespier, Hato Rey, P. R., for plaintiffs.

Francisco Aponte Pérez, Santurce, P. R., for defendant.

## OPINION

TOLEDO, District Judge.

On September 11, 1971, this Court decided the case of Dorado Beach Corp. v. Unión de Trabajadores de la Industria Gastronómica de P. R., Local 610, in which the Court vacated an arbitrator's award which held that the arbitrator had jurisdiction to entertain a controversy that arose under an expired collective bargaining agreement on the ground that he added to, amended and completely disregarded the explicit and unambiguous provisions of the current agreement. In the present case, the Court is called upon to decide if an arbitrator's award, which decided that the arbitrator had jurisdiction to entertain a controversy on whether or not the movie projection functions performed by a member of the defendant union, are covered by the classification of electrician under a collective bargaining agreement, which covers the service and maintenance employees of the plaintiff hotel, should be left to stand.

## SUMMARY OF PROCEEDINGS

On January 22, 1971, plaintiff Hilton International Co., d/b/a Caribe Hilton Hotel, filed a Complaint under Section 301 of the Labor Management Relations Act of June 23, 1947 (29 U.S.C.A. § 185 et. seq.), praying this Court to vacate, set aside, declare void and unenforceable an Award entered by the arbitrator, Mr. Mario Pérez Sierra, on November 3, 1970, in Case No. A–32–1 (before A–112–1) of the Bureau of Conciliation and Arbitration of the Department of Labor of Puerto Rico, in regard to a grievance presented by defendant, Gastronomical Workers Union of P. R., Local 610, of the Hotel and Restaurant Employees and Bartenders International Union (AFL–CIO) against the plaintiff. Through this grievance, defendant claimed that the movie projection functions and chores performed by Mr. Julio Cuadrado, who works for the plaintiff, and is a member of the defendant union, do not correspond and are not covered under the electrician classification of the current Collective Bargaining Agreement, and that such controversy is arbitrable.

Plaintiff bases the Complaint on the grounds that the arbitrator lacks jurisdiction to entertain the grievance in question because the Collective Bargaining Agreement does not describe the proper functions of the different classification of employees and since the controversy, as presented in the union's submission, does not involve an interpretation of the meaning or application of a specific provision of the agreement or the disciplinary suspension or discharge of an employee, the controversy is not contemplated under the grievance and arbitration procedures provided in Article XV of the Collective Bargaining Agreement.

Defendant answered the complaint accepting those paragraphs of the complaint which it considered are conclusions of law and denied the allegation that the arbitrator lacked jurisdiction to entertain the grievance as presented in the submission by the union.

The defendant bases its position that the grievance is arbitrable under the clauses of the Collective Bargaining

Agreement since it classifies the employees into various categories which is enough to establish a prima facie controversy on the interpretation of the agreement.

The defendant also made to this Court a Cross-Petition for Enforcement of Arbitration Award, alleging that it draws its essence from the submission and the Collective Bargaining Agreement, that the award is legal and binding and that the arbitrator acted within the jurisdiction granted by the parties in the contract and finally asked for an order enforcing the award.

On April 5, 1971, the parties submitted a Stipulation alleging that there is no controversy concerning the facts or issues in this case and joining and submitting in evidence copies of the collective bargaining agreements executed by and between the parties on June 30, 1967, and on June 30, 1970; copy of the Opinion and Award entered by Arbitrator Mario Pérez Sierra on November 3, 1970; and copy of a translation to the English Language of the above mentioned Opinion and Award. Thereafter, the parties submitted legal memoranda to sustain their allegations.

The parties waived oral hearing. The pleadings of the parties, including the documents submitted jointly in evidence, show that there is no controversy between the parties as to the following:

## FACTS

Plaintiff is a corporation organized and existing under and by virtue of the laws of the State of Delaware, authorized to do business in Puerto Rico at all times material to this case, and an employer in an industry affecting commerce within the meaning of Section 301 of the Labor Management Relations Act of June 23, 1947, as amended.

Defendant is a labor organization within the meaning of Section 301 and represents employees in an industry affecting commerce within the meaning of Section 301. It represents, among others, the engineering (service and main-tenance), employees in the Caribe Hilton Hotel at San Juan, Puerto Rico.

On June 30, 1970, the Union and the Metropolitan Hotel Association of P. R., Inc., in representation of the Caribe Hilton Hotel, San Jerónimo Hilton Hotel, Condado Beach Hotel and El San Juan Hotel, executed a collective bargaining agreement covering the terms and conditions of employment of said employees which became effective on that date, is currently in effect and scheduled to expire on May 24, 1973. (Copy of this Collective Bargaining Agreement was attached to and made part of the Complaint).

On June 30, 1967, the Union and the Metropolitan Hotel Association of P. R., Inc., in representation of the Caribe Hilton Hotel, San Jerónimo Hilton Hotel, Condado Beach Hotel and El San Juan Hotel, executed a Collective Bargaining Agreement covering the terms and conditions of employment of said employees, which became effective on said date and expired on May 24, 1970. (Copy of said Collective Bargaining Agreement was attached to and made a part of the Complaint).

Article XV of the current Collective Bargaining Agreement, provides for a Grievance and Arbitration Procedure which in part reads as follows:

## ARTICLE XV

### GRIEVANCE AND ARBITRATION PROCEDURE

Section 1. Each member hotel shall establish a grievance procedure as described herein. It is understood by the parties that the grievance procedure established at each member hotel, shall work independently of each other, and that no decisions or agreements reached pursuant thereto shall be binding or applicable to any other member hotel.

Section 2. *Should any controversy, dispute, conflict or question of inter-pretation arise between the Union and any member hotel involving the meaning or application of a specific provi-*

*sion* of this contract, or any controversy, dispute or conflict between the Union and the member hotel on the disciplinary suspension or discharge of any of its employees, the matter shall be resolved in the following manner:

\* \* \* \* \* \*

Section 7. Within ten (10) days from the time the arbitrator is selected in the manner previously described, the parties shall submit in writing the question or questions to be decided by the arbitrator. The award of the arbitrator shall be final and binding on the parties provided the same conforms to law, and provided that *no award of the arbitrator may vary or alter the provisions of this contract*. The findings of the arbitrator with respect to questions of facts shall be conclusive. The question of arbitrability may be subject to judicial review, but shall be decided in the first instance by the arbitrator.

Section 8. *The functions of the arbitrator shall be of a judicial nature and he shall have no jurisdiction to consider or determine any matter related to the negotiation of a new agreement.*

On or about October 11, 1967, defendant presented the plaintiff with a grievance on behalf of employee Julio Cuadrado Santiago, asserting that said employee was being required to perform movie projection functions, which functions avowedly were not proper for his classification as electrician.

As agreed upon by the parties, the Director of the Conciliation and Arbitration Service of the Department of Labor of Puerto Rico, appointed Arbitrator Mario Pérez Sierra, for the purpose of considering the controversy between the parties. At the hearing of the case before the Arbitrator, on October 2, 1970, the parties made the following Stipulation:

A. That neither the collective bargaining agreement executed on June 30, 1970, nor those executed on prior dates, contain a description of the functions proper to the classification therein made.

B. That for more than ten (10) consecutive years, the parties have entered into collective bargaining agreements.

C. That Mr. Julio Cuadrado has been employed by the Caribe Hilton for more than fourteen (14) years in the electrician classification, but he does not have an expert electrician license issued by the Examining Board of Cinematographic Machines Operators and Expert Electricians.

D. The actual salary of Mr. Julio Cuadrado Santiago is $2.125 per hour since May 24, 1970.

E. That in addition to Mr. Julio Cuadrado Santiago, other three employees work in the Caribe Hilton Hotel under the classification of electricians, but none of them has an expert electrician license issued by the Examining Board of Cinematographic Machines Operators and Expert Electricians.

The parties also stipulated the following submission agreement:

To determine if the issue as presented in the union's proposed submission is or is not arbitrable under the Collective Bargaining Agreement.

Submission proposed by the Union:

To determine if the movie projection functions and chores performed by Mr. Julio Cuadrado are covered under the electrician classification in the Caribe Hilton Hotel.

On November 3, 1970, Arbitrator Mario Pérez Sierra, entered his Opinion and Award concerning the jurisdictional question submitted to his consideration by the parties. In this Opinion and Award, he determined that in view of the current collective bargaining agreement, the controversy as presented by the union's proposed submission is arbitrable.

## JURISDICTIONAL QUESTION

The question for this Court to decide in the present case is if the Arbitrator had or did not have jurisdiction to entertain the controversy on whether or not the movie projection functions and chores performed by Mr. Julio Cuadrado are a part and properly included among those of the electrician's classification in the Caribe Hilton Hotel, in the light of the provision of the current collective bargaining agreement.

It is a well and firmly established principle in Federal Law that arbitration is a matter of contract and that a party cannot be required to submit to arbitration any dispute which he has not agreed to submit. United Steelworkers of America v. Warrior and Gulf Navigation Company, 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960). The arbitrator is limited and confined to interpret and apply the collective bargaining agreement and he cannot dispense his own brand of industrial justice. United Steelworkers of America v. Enterprise Wheel and Car Corporation, 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960). The question on whether the parties had agreed to submit a particular dispute to arbitration, is a question to be decided by the Courts, Atkinson v. Sinclair Refining Co., 370 U.S. 238, 241, 82 S.Ct. 1318, 8 L.Ed.2d 462 (1962).

These principles of the Supreme Court of the United States have become with the years an oracle on arbitration, since they have been followed consistently by Federal as well as by State Courts alike. Our task then is to determine if the parties had agreed to arbitrate the question this Court has to decide, to wit, whether or not the movie projection functions and chores are a part and properly included within the electrician classification of Mr. Julio Cuadrado in the light of the Collective Bargaining Agreement provisions.

Article XV of the Collective Bargaining Agreement provides in Section 2, as follows:

"Should any controversy, dispute, conflict or question arise between the Union and any member hotel involving the meaning or application of a specific provision of this contract, or any controversy, dispute or conflict between the Union and the member hotel on the disciplinary suspension or discharge of any of its employees, the matter shall be resolved in the following manner . . ."

This is a general arbitration clause of the agreement. It limits the field of arbitration to two matters, to wit:

a) any controversy, dispute, conflict or question of interpretation involving the meaning or application of a specific provision of the contract.

b) any controversy, dispute or conflict between the Union and the Hotel on the disciplinary suspension or discharge of any of its employees.

The agreement further limits the field and jurisdiction of the arbitrator. Sections 7 and 8 of Article XV, provide in part as follows:

". . . The award of the Arbitrator shall be final and binding on the parties provided the same conforms to law, and provided that no award of the arbitrator may vary or alter the provisions of this contract.

\* \* \* \* \* \*

The functions of the arbitrator shall be of a judicial nature . . ."

Section 3 of Article XI (General Provisions), provides in part as follows:

"This Collective Bargaining Agreement includes the complete agreement of the parties. . . . This agreement may not be modified, amended, changed or terminated, except by a written stipulation duly signed by the authorized representatives of the parties."

The above stated provisions of Article XV of the collective bargaining agreement reveal that the intention of the parties was to limit the field of arbitrability to questions arising on the two matters mentioned above with the limitations of Section 7 and 8 of Article XV

and those of Section 3 of Article XI of the collective bargaining agreement.

In this case, the arbitrator had to determine if he had jurisdiction to decide whether or not some of the functions of Mr. Julio Cuadrado are proper in his classification as electrician. To decide the issue, by necessity, he had to determine what are the functions proper to that classification of electrician in view of the Collective Bargaining Agreement. The agreement does not contain any clauses specifying the jobs and responsibilities for the electrician or for any other classification. The parties have executed collective bargaining agreements for the last ten years and in none of these agreements the parties have agreed on job descriptions. The defendant himself admits that there is no job description clauses in the agreement.

The award entered by the arbitrator in this case is apparently based on the theory that the issue presented involved the interpretation of the classification enumerated in Article XX of the Agreement and Appendix A which is part thereof. To this effect, the Opinion and Award of the Arbitrator states at page number 6, of the translation to the English Language, as follows:

". . . As the controversy before us, turns over the functions or chores performed by Mr. Julio Cuadrado Santiago, which controversy falls within the classification provisions of the collective bargaining agreement, the conclusion is obvious that the case before us emerges from the clear and unambiguous provisions of the collective bargaining agreement.

The contractual provision to which we refer, is Article XX entitled 'Wages' and Appendix A which is part of said article, which records the hotels' departments various classifications together with the applicable wages. Therefore, the matter of classification is not foreign or new in said bargaining agreement."

The mere fact that the collective bargaining agreement enumerates a number of classifications together with wages to be paid, cannot be construed to mean that the arbitration clauses of the agreement contemplate a controversy involving the specific functions and responsibilities of each of the classifications. The arbitrator determined that he had jurisdiction to decide this matter. To decide the issue, the arbitrator, by necessity, has to determine what are the functions proper to that classification of electrician based on the current collective bargaining agreement. In his opinion and award, the arbitrator added his own knowledge and experience providing the agreement with a job description for the classification of electrician which neither Article XX nor Appendix A nor any other article contains. By doing this, he varied and altered the provisions of the contract, which is contrary to Section 7 of Article XV of the Agreement and to the principles of law explained above.

The controversy presented by the union's proposed submission involved a change in the terms of the agreement to arbitrate by adding to it, piecemeal, a job description clause, which is precisely what the above quoted clauses of the agreement prohibit. In this connection, a statement made by this Court in the case of Dorado Beach Hotel Corp. v. Unión de Trabajadores de la Industria Gastronómica, etc., Local 610, 317 F.Supp. 217, Opinion issued on September 11, 1970, is in point. The Court stated as follows:

"Under the policy of Section 301 which is applicable to the present case, collective bargaining contracts are 'equally binding and enforceable on both parties.' This being so, the defendant in the present case is bound by the provisions of the current collective bargaining agreement and cannot alter or vary them. Neither can the arbitrator alter or vary said provisions."

The parties in the present case agreed to settle through the arbitration process any controversy, dispute, conflict or question of interpretation involving the

meaning or application of a specific provision of the contract. Since the agreement does not contain job classifications setting responsibilities and proper to each of the classifications, this Court must conclude that the parties did not agree to arbitrate the grievance submitted by the Union in the present case.

The Arbitrator's award added job classifications to the contract, and implicitly amended the same. This does not come out from the essence of the current bargaining agreement and thus fails to comply with the applicable federal law and should be set aside. United Steelworkers of America v. Enterprise Wheel & Car Corporation, supra. Textile Workers Union of America v. Lincoln Mills, 353 U.S. 448, 77 S.Ct. 912, 1 L.Ed.2d 972 (1957).