**DORADO BEACH HOTEL CORP.,**
**Plaintiff,**

v.

**UNION DE TRABAJADORES DE LA INDUSTRIA GASTRONÓMICA DE PUERTO RICO, LOCAL 610, OF the HOTEL, RESTAURANT EMPLOYEES, AND BARTENDERS INTERNATIONAL UNION (AFL–CIO), Defendant.**

Civ. A. No. 165–70.

United States District Court,
D. Puerto Rico.

Sept. 11, 1970.

Eduardo Negrón Rodríguez, Fiddler, Gonzalez & Rodríguez, San Juan, P. R., for plaintiff.

Francisco Aponte, Santurce, P. R., for defendant.

## OPINION

CANCIO, Chief Judge.

On March 10, 1970, plaintiff Dorado Beach Hotel Corporation, filed the complaint of the above captioned case, asking this Court to vacate, set aside and declare void and unenforceable the award entered by arbitrator, Mr. Lorenzo Cruz Montero, on February 16, 1970, in Case No. 80–2 of the Bureau of Conciliation and Arbitration of the Labor Department of the Commonwealth of Puerto Rico, regarding a grievance presented by defendant, Unión de Trabajadores de la Industria Gastronómica de Puerto Rico, Local 610, of The Hotel, Restaurant Employees and Bartenders International Union (AFL-CIO), to plaintiff, Dorado Beach Hotel Corporation, claiming back wages on behalf of the employees of the Main Bar of plaintiff's Dorado Beach Hotel. Plaintiff bases the complaint on the ground that the arbitrator lacks jurisdiction to entertain the part of the grievance claiming back wages for services allegedly rendered by the employees of the Main Bar of Dorado Beach Hotel prior to August 28, 1969.

Defendant answered the complaint denying the plaintiff's allegation that the arbitrator lacks jurisdiction to entertain that part of the grievance claiming back wages based on services allegedly rendered prior to August 28, 1969, and asking this Court to enforce the award of the arbitrator. Together with its answer to the complaint, the defendant filed a motion asking that summary judgment be entered in its favor, on the grounds that there is no material issue of fact and that upon the pleadings and exhibits thereto is entitled to judgment as a matter of law.

On April 28, 1970, plaintiff filed a motion also asking for summary judgment in its favor, on the grounds that there is

no genuine issue as to any material fact and that plaintiff is entitled to judgment as a matter of law. Plaintiff based its motion upon annexed affidavits of Mr. Mario Robles and the pleadings and proceedings in the case.

The parties waived oral hearing of the motions for summary judgment and each party submitted a brief in support of its motions.

The pleadings of the parties, including the documents attached to and made part of the complaint, and said affidavit of Mr. Mario Robles, show that there is no controversy between the parties as to the following material facts:

## FACTS.

Plaintiff is a corporation organized and existing under and by virtue of the laws of the Commonwealth of Puerto Rico and was at all times pertinent hereto and is now doing business within the jurisdiction of this Court, operating a hotel and its facilities in Dorado, Puerto Rico, under the name of Dorado Beach Hotel, and is an employer in an industry affecting commerce within the meaning of Section 301 of the Labor Management Relations Act of June 23, 1947, as amended.

Defendant is a labor organization within the meaning of the aforesaid Section 301 and represents employees in an Industry affecting commerce. It represents the service and maintenance employees working for the plaintiff in the Dorado Beach Hotel, in Dorado, Puerto Rico.

On September 14, 1967, the parties executed a three year collective bargaining agreement covering terms and conditions of employment for said employees, which became effective September 14, 1967 and will expire September 13, 1970.

Article VI, Section 4, of said collective bargaining agreement provides as follows:

"Section 4. The hotel shall assign the hours of work and period for taking meals in accordance with the requirements of its business. The hotel and the Union agree that the period for taking meals required by law may be reduced to one half (½) hour subject only to the approval of the Union. Any work which the employee performs during his meal period shall be paid at the rate of two (2) times the regular rate per hour which the employee is earning."

Article XV, Grievance and Arbitration Procedure, of said collective bargaining agreement provides as follows:

Article XV—Grievance and Arbitration Procedure. Section 1. Should any controversy, dispute, conflict or question of interpretation arise between the Union and the Hotel involving the meaning or application of a specific provision of this contract, or any controversy, dispute or conflict between the Union and the hotel on the disciplinary suspension or discharge of any of its employees, the matter shall be resolved in the following manner:

### First Step

"The aggrieved employee, himself and/or through the Union delegate, and/or Union representative, shall discuss the matter with the hotel's Personnel Director within five (5) days from the date the alleged grievance occurs. Grievances shall not be discussed before guests or in public areas of the hotel.

"The Personnel Director shall resolve the matter within the following four (4) days from the date the same is submitted to him; provided, that if the grievance is submitted in writing, he shall answer in writing.

"If the Personnel Director's decision is not appealed to Step Two, the grievance shall be considered settled and binding on the hotel, the Union and the employee, and shall not be further appealable.

### Second Step.

"If the parties do not reach agreement in the First Step, the matter, if appealed, shall be submitted in writing by the Union (copy to the hotel's

Personnel Director), to a Grievance Committee, within fourteen (14) days of the Personnel Director's decision. The Grievance Committee shall be composed of two (2) Union representatives and two (2) hotel representatives.

"The Grievance Committee shall then meet and give due consideration to the matter, taking, if necessary, the available evidence material to the case.

"The Grievance Committee must decide the matter within ten (10) days from the date on which the matter is submitted to it for consideration.

"The Committee shall keep minutes of each meeting, which shall be duly signed by its members.

"If the Committee's decision is not appealed to Step three, the grievance shall be considered settled and binding on the hotel, the Union and the employee, and shall not be further appealable.

### Third Step.

If the parties do not reach agreement in the Second Step then within fourteen (14) days the decision in the Second Step, the Union or the hotel may submit the matter to an arbitrator mutually selected from a panel of arbitrators submitted by the Conciliation and Arbitration Service of Puerto Rico Department of Labor. If the parties do not agree upon an arbitrator within five (5) days after receiving the panel, then the Director of said Conciliation and Arbitration Service shall designate the arbitrator to hear and decide the matter.

"Section 2. The Union and the hotel may appear before the arbitrator themselves or may be represented by their agents or attorneys. In the event of a default by either party in appearing before the arbitrator after due written notice, the arbitrator is hereby authorized to issue his award upon the testimony of the party appearing.

"Section 3. The Employer may utilize the grievance procedure to process any employer or hotel grievance. Such grievance may be initiated in the Second Step.

"Section 4. It is the intent of the parties hereto that the time limits set forth to invoke the Second Step and the Third Step hereof are of the essence, and may be waived upon by written agreement between the hotel and the Union.

"Section 5. Notwithstanding any other provision of this Article, the Union or the hotel may initiate or advance a disputed matter in or to any step in the Grievance and Arbitration procedure by written agreement between the hotel and the Union.

"Section 6. Within ten (10) days from the time the arbitrator is selected in the manner previously described, the parties shall submit in writing the question or questions to be decided by the arbitrator. The award of the arbitrator shall be final and binding on the parties provided the same conforms to law, and provided that no award of the arbitrator may vary or alter the provisions of this contract. The findings of the arbitrator with respect to questions of fact shall be conclusive. The question of arbitrability may be subject to judicial review, but shall be decided in the first instance by the arbitrator.

"Section 7. The functions of the arbitrator shall be of a judicial nature and he shall have no jurisdiction to consider or determine any matter related to the negotiation of anew agreement.

"Section 8. The award of the arbitrator shall be in writing and shall be served upon both parties."

On September 3, 1969, the defendant, through its Secretary-Treasurer, Mr. Robert N. Alpert, sent a letter to Mr. Mario Robles, plaintiff's Personnel Manager, alleging that the employees of the Main Bar of the Dorado Beach Hotel had been working from 6:00 p.m. to 2:00 a.m. without receiving one hour nourishing period and requesting that said employees receive retroactive double time com-

pensation for the nourishing periods which they had failed to receive for the past years. Defendant based the claim on Article VI, Section 4 of said collective bargaining agreement. In the letter defendant also stated that in the event that the plaintiff did not concur with the defendant concerning the claim, defendant requested that the matter be forwarded to the Second Step of the grievance procedure without any further delay. The first time that said claim or grievance was submitted to the plaintiff by the defendant was through this letter of September 3, 1969.

To the grievance of the defendant contained in the letter of September 3, 1969, the plaintiff raised as first defense, when the claim was considered in all the steps of the grievance procedure of the agreement, that there was no jurisdiction under the grievance and arbitration procedure of said collective bargaining agreement to process that part of the grievance covering time prior to August 28, 1969.

Pursuant to the terms of said collective bargaining agreement, the Director of the Conciliation and Arbitration Service of the Puerto Rico Department of Labor appointed Arbitrator Lorenzo H. Cruz for the purpose of considering the controversy between the parties.

At the hearing of the case before the arbitrator, held on January 13, 1970, the parties stipulated that the issue to be determined by the arbitrator was whether the arbitrator had or not jurisdiction to entertain that part of the claim covering time prior to August 28, 1969. The defendant adopted the position that its claim covered from December 1, 1958, date on which the plaintiff started operating Dorado Beach Hotel, and up to November 24, 1969, and that the arbitrator had jurisdiction under the terms of said collective bargaining agreement, to entertain the totality of the claim. The plaintiff sustained its position that since the first time that the grievance was submitted to the plaintiff was through the aforesaid letter of September 3, 1969, the arbitrator, in accordance with the terms and provisions of Article XV (Grievance and Arbitration Procedure) of said collective bargaining agreement, did not have jurisdiction to entertain that part of the claim covering time prior to August 28, 1969.

On February 16, 1970, the arbitrator entered his opinion and award concerning the jurisdictional question submitted to his consideration by the parties. In his opinion and award, the arbitrator determined that under the terms and conditions of said collective bargaining agreement executed by the parties, the arbitrator had jurisdiction to entertain the wages claim made by the defendant on behalf of the employees of the Main Bar of Dorado Beach Hotel for services allegedly rendered from the time the plaintiff started operating Dorado Beach Hotel, that is, December 1958, and up to November 24, 1969. The arbitrator determined he had jurisdiction to entertain any part of the claim or grievance covering time prior to August 28, 1969.

*Discussion of the Jurisdictional Question*

The question before the Court is whether the arbitrator has or not jurisdiction to entertain that part of the grievance claiming back wages made by defendant on behalf of the employees of the Main Bar of plaintiff's Dorado Beach Hotel, based on services allegedly rendered by said employees during their meal periods prior to August 28, 1969, that is between December 1, 1958 and August 28, 1969.

In the case of United Steelworkers of America v. Warrior & Gulf Navigation Company, 363 U.S. 574, at page 582, 80 S.Ct. 1347, at page 1353, 4 L.Ed.2d 1409 at page 1417 (1960), the Supreme Court of the United States stated the following:

"The Congress, however, has by § 301 of the Labor Management Relations Act, assigned the courts the duty of determining whether the reluctant party has breached his promise to arbitrate. *For arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit.*" (Italics ours).

In the case of United Steelworkers of America v. Enterprise Wheel and Car Corporation, 363 U.S. 593, at page 597, 80 S.Ct. 1358, at page 1361, 4 L.Ed.2d 1424 at page 1428 (1960), the Supreme Court of the United States stated the following:

"* * * Nevertheless, an arbitrator is confined to interpretation and application of the collective bargaining agreement; he does not sit to dispense his own brand of industrial justice. He may of course, look for guidance from many sources, yet his award is legitimate only so long as it draws its essence from the collective bargaining agreement. When the arbitrator's words manifest an infidelity to this obligation, courts have no choice but to refuse enforcement of the award."

In the case of Procter & Gamble Independent Union, etc. v. Procter & Gamble Manufacturing Co., 312 F.2d 181, at page 184 (1962), certiorari denied 374 U.S. 830, 83 S.Ct. 1872, 10 L.Ed.2d 1053, the Court of Appeals for the Second Circuit, stated the following:

*"The duty to arbitrate is wholly contractual and the courts have the obligation to determine whether there is a contract imposing such a duty."* (Italics ours).

The collective bargaining agreement involved in this case is a three year contract, which was executed and became effective on September 14, 1967. It provides in its Article VI, Section 4, that the plaintiff shall assign meal periods to the employees and that any work done by the employees during their meal periods shall be paid at double their regular rate of pay. It provides in its Article XV for the processing through the grievance and arbitration machinery of any controversy, dispute, conflict or question of interpretation arising between the parties involving the meaning or application of a specific provision of the same contract. It does not contain any article or clause giving retroactive efect to any of its provisions.

Under the said collective bargaining agreement the parties agreed to the processing through and in accordance with the grievance and arbitration procedure of grievances arising during the term (September 14, 1967 to September 13, 1970) of the same contract involving the meaning or application of any of its specific provisions. The parties did not agree under said contract to the processing of grievances arising prior to the date of its effectiveness and not involving any specific provision of the same.

Article XV, Section 6, of the same collective bargaining agreement provides, among other things, "that no award of the arbitration may vary or alter the provisions of this contract. * * *"

The arbitrator, through his award, has varied and altered the provisions of the contract by changing the term of the collective bargaining agreement from three years to almost twelve years. The arbitrator's award has given retroactive effect to the three year collective bargaining agreement executed and effective on September 14, 1967, to December 1, 1968, and by so doing, has altered, varied and amended the provisions of the same agreement. Obviously, the award of the arbitrator does not draw its essence from the collective bargaining agreement.

■■ As arbitration is a matter of contract; the jurisdiction of an arbitrator is determined by the contract. An arbitrator has no more jurisdiction that the one given to him by the contract. Therefore, the arbitrator in the present case lacks jurisdiction to entertain the grievance of the employees claiming back wages for services allegedly rendered by the employees prior to September 14, 1967, date of execution and effectiveness of the collective bargaining agreement involved here: United Steelworkers of America v. Warrior & Gulf Navigation Company, supra; United Steelworkers of America v. Enterprise Wheel and Car Corporation, supra; and Procter & Gamble Independent Union v. Procter & Gamble Manufacturing Company.

Article XV of said collective bargaining agreement provides as "First Step" of the grievance and arbitration procedure, the following:

"First Step—The aggrieved employee, himself and/or through the Union delegate, and/or Union representative, shall discuss the matter with the hotel's Personnel Director within five (5) days from the date the alleged grievance occurs. Grievances shall not be discussed before guests or in public areas of the hotel.

"The Personnel Director shall resolve the matter within the following four (4) days from the date the same is submitted to him; provided, that if the grievance is submitted in writing, he shall answer in writing.

"If the Personnel Director's decision is not appealed to Step Two, the grievance shall be considered settled and binding on the hotel, the Union and the employee, and shall not be further appealable."

It was by the letter of September 3, 1969, sent by the defendant to the plaintiff, that the employees acting through the defendant, submitted to the plaintiff their grievance claiming back wages. At no time prior to September 3, 1969, the employees had submitted their grievance to the plaintiff.

Under the procedure of the "First Step" of the grievance and arbitration procedure of the collective bargaining agreement the aggrieved employee has five days from the time the alleged grievance occurs to submit the same to the Personnel Director of the plaintiff. As the grievance in this case was submitted to the Personnel Director of the plaintiff on September 3, 1969, the arbitrator, due to time limitations established by the "First Step" of the grievance and arbitration procedure of the contract, has no jurisdiction to entertain that part of the grievance that allegedly occurred prior to the five days from the time that the employees submitted their grievance to the plaintiff. Therefore, the arbitrator lacks jurisdiction to entertain that part of the grievance of the employees claiming back wages for services allegedly rendered to the plaintiff by the employees prior to August 28, 1969.

The arbitrator erroneously has disregarded and ignored the specific time limitations provided in the collective bargaining agreement for processing grievances and has applied to the present case the time limitation provisions of the local statute of limitations, applicable to judicial actions of employees claiming the payment of wages. Concerning this matter, the arbitrator stated in page 6 of his opinion and award, the following:

"We must conclude that the Union is right in this case inasmuch as the broad terms of the law are applied here and not the more limited terms of the contract. We feel that it would be a violation of the public policy of the Commonwealth of Puerto Rico to decide the matter otherwise. The law stipulates that an employee may claim from his employer wages allegedly not received for a maximum period of ten (10) retroactive years, beginning with the date of the claim, giving the employee three (3) years, as of the date he ceases to be employed by the employer, to initiate such claim. It has been said before, and we repeat it now, that the right of the employees to claim in a wage case goes beyond the limitation terms of any collective bargaining agreement. Therefore, the undersigned arbitrator has determined, in agreement with the statements from the Union that he does have jurisdiction to intervene in the case to fix the employer's responsibility, if any, in agreement with the evidence which the parties may present at the proper time."

The local statute of limitations applicable to judicial actions of employees claiming payment of back wages, is contained in Section 32 of Puerto Rico Minimum Wage Act of 1956 (29 L.P. R.A. § 246d), which reads as follows:

"Section 32—Term of Limitation

(a) [As amended by Law No. 106 dated June 6, 1967, p.     ] Action in

wage claims which an employee may have against his employer will be limited to a three-year period in matters covered by this law, mandatory decree heretofore approved or which may be approved in accordance with its provisions, order promulgated by the Board, or under any contract or law. For the limitation of this action, the time will be counted from the date the employee ceases in his employment with the employer. The above indicated time of limitation will be interrupted and commence again by claim of the salary debt against the employer, judicially or extra-judicially by the worker, his representative or officer of the Labor Department empowered to do so and by any act of recognition of the debt by the employer.

(b) Whenever the employee is working with the employer, the claim may only include wages to which the employee is entitled, under any concept, during the past ten years prior to the date in which judicial action is established.

(c) In the case that the employee may have ceased in his employment with the employer, the claim may only include the last ten years prior to the date of his termination.

(d) With relation to the limitation term provided in this section, a change in the nature of the employee's job shall not constitute a renewal of the employment contract.

(e) Provisions of this section shall in no way affect the cases already filed in the courts or those which shall be filed within one (1) year from the date this law takes effect."

■ From the wording of the provisions of the local statute of limitations, it is clear and evident that the time limitations contained in said provisions apply only to judicial actions and not to the processing of grievances through the grievance and arbitration procedure established by a collective bargaining agreement. Secretary of Labor v. Supreme Court, 91 DPR 856. This being so, the arbitrator by holding that the time limitation provisions of the local statute limitations are applicable to the present case and not the time limitation provisions of the collective bargaining agreement, has ignored the express provisions of the collective bargaining agreement and has amended the same without the consent of the contracting parties. The award of the arbitrator does not draw its essence from the collective bargaining agreement.

■ There is no local or federal legislation establishing time limitations for the processing of grievances under the grievance and arbitration procedure of collective bargaining agreements. There being no such legislation, the parties negotiating a collective bargaining agreement are free to negotiate and agree as to the time limitations for the processing of grievances under the grievance and arbitration procedure of the collective bargaining agreement.

■ In suits under Section 301 of the Labor Management Relations Act (29 U.S.C.A. Sec. 185), like the present suit, the applicable substantive law is federal law, which the courts must fashion from the policy of the national labor laws. Textile Workers Union v. Lincoln Mills of Alabama, 353 U.S. 448, 77 S.Ct. 912, 1 L.Ed.2d 972.

By virtue of the policy evinced by Section 301(a) of the Labor Management Relations Act (29 U.S.C.A. § 185 (a)), Congress has precluded the states from applying state law in cases involving questions of arbitration under the provisions of collective bargaining agreements.

In Textile Workers Union v. Lincoln Mills, supra, the Supreme Court of the United States stated the following concerning the legislative history of said Section 301, at page 454 of 353 U.S., at page 916 of 77 S.Ct., at page 979 of 1 L.Ed.2d:

"Thus collective bargaining contracts were made 'equally binding and enforceable on both parties'. Id., p.

15. As stated in the House Report, supra, p. 6, the new provision 'makes labor organizations equally responsible with employers for contract violation and provides for suit by either against the other in the United States district courts.' To repeat, the Senate Report, supra, p. 17, summed up the philosophy of § 301 as follows: 'Statutory recognition of the collective agreement as a valid, binding, and enforceable contract is a logical and necessary step. It will promote a higher degree of responsibility upon the parties to such agreements, and will thereby promote industrial peace.' "

■■■■ Under the policy of Section 301 which is applicable to the present case, collective bargaining contracts are "equally binding and enforceable on both parties." This being so, the defendant in the present case is bound by the provisions of the current collective bargaining agreement and cannot alter or vary them. Neither can the arbitrator alter or vary said provisions.

The arbitrator's opinion and award has, contrary to the provisions of the current collective bargaining agreement, added to, amended and completely disregarded the explicit and unambiguous provisions of the current collective bargaining agreement, by determining that the arbitrator has jurisdiction to entertain the claim for wages for services allegedly rendered by the employees between December 1, 1958, date on which Dorado Beach Hotel started operation, and August 28, 1969. In making such determination, the arbitrator exceeded his limited authority under the current collective bargaining agreement.

As the award of the arbitrator does not draw its essence from the current collective bargaining agreement, it fails to comply with the federal law and should be set aside. United Steelworkers of America v. Enterprise Wheel and Car Corporation, supra; Textile Workers Union v. Lincoln Mills, supra.

■■■■ This court has authority to review the award of the arbitrator in this case, under Article XVI of the collective bargaining agreement, which provides, *inter alia*, that:

"The question of arbitrability may be subject to judicial review but shall be decided in the first instance by the arbitrator."

Even in the absence of such specific provision for judicial review, as the award of the arbitrator does not draw its essence from the collective bargaining agreement, plaintiff has the right under federal law to request this Court to set aside said award.

We want to note that we are only holding in this case that *the arbitrator* has no jurisdiction to entertain that part of the grievance of the employees claiming back wages for services allegedly rendered to plaintiff prior to August 28, 1969, without prejudice to any other rights that the parties might have under the law and may claim in the *courts of justice*, as distinguished from the arbitrator.

## ORDER FOR SUMMARY JUDGMENT AND JUDGMENT.

The above entitled cause is before the Court on motion of the defendant, Unión de Trabajadores da la Industria Gastronómica de Puerto Rico, Local 610, of The Hotel, Restaurant Employees and Bartenders International Union (AFL–CIO), for summary judgment and on a motion of the plaintiff, Dorado Beach Hotel Corporation, for summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure. Through written stipulation the parties waived oral hearing on the motions for summary judgment and each party submitted a brief in support of its motion for summary judgment and in opposition to the motion for summary judgment of the other party.

Now, on considering the pleadings of the parties, the collective bargaining agreement executed between the plaintiff and defendant on April 14, 1967, the

letter sent on September 3, 1969 by Mr. Robert N. Alpert to Mr. Mario Robles, the Award of the Arbitrator Lorenzo Cruz Montero, the affidavit of Mr. Mario Robles, all records in the case, and the briefs of the parties, and due deliberation having had thereon and upon the filing of the opinion of the Court dated and filed the 11th day of September 1970, it is hereby:

Ordered, that defendant's motion for summary judgment be and the same hereby is denied, and it is further

Ordered, that plaintiff's motion for summary judgment be and the same hereby is granted and it is further

Ordered, adjudged and decreed that:

(1) The arbitrator, Mr. Lorenzo Cruz Montero, has no jurisdiction to entertain that part of the grievance presented by the defendant to the plaintiff, claiming back wages on behalf of the employees of the Main Bar of plaintiff's Dorado Beach Hotel, which is based on services allegedly rendered by said employees during their meal period prior to August 28, 1969. The three year collective bargaining agreement executed by plaintiff and defendant on September 14, 1967 and effective on its same date, covering said employees does not give the arbitrator any authority to entertain a grievance for back wages based on services allegedly rendered during the period between December 1, 1958 and August 28, 1969 because: (a) The grievance and arbitration procedure of the three year collective bargaining agreement executed by the parties on September 14, 1967, and effective on the same date, is not applicable to grievances arising prior to the execution of said collective bargaining agreement; and (b) The time limitations for processing grievances established by said collective bargaining agreement binds both the plaintiff and the defendant, and the arbitrator had the obligation of applying said time limitations in determining the arbitrability or jurisdictional question raised by the plaintiff.

(2) The award entered by arbitrator Mr. Lorenzo Cruz Montero on February 16, 1970, in Case No. 80–2 of the Bureau of Conciliation and Arbitration of the Labor Department of the Commonwealth of Puerto Rico, is vacated and set aside and declared void and unenforceable.

(3) The plaintiff recover his costs from the defendant.