JOSÉ ALMODÓVAR Y OTROS, demandantes y recurridos, *v.* CERVECERÍA INDIA, INC., demandada y recurrente.

*Número:* R-74-257    *Resuelto:* 19 de febrero de 1975

---

*Eugenio Alemañy Fernández, Wilfredo Pérez Cantraria* y *Nicanor Laguillo Rodríguez,* abogados de la recurrente; *Federico Rodríguez Pagán,* abogado de los recurridos.

EL JUEZ ASOCIADO SEÑOR NEGRÓN GARCÍA emitió la opinión del Tribunal.

La controversia que nos ocupa se reduce a determinar la compensabilidad del período para tomar alimentos bajo los hechos específicos del caso.

Los querellantes, veintiún empleados de la Cervecería India, Inc., se desempeñan como conductores y ayudantes de conductores de camiones a cargo de la distribución de los productos de dicha entidad querellada. Parten por la mañana de los almacenes de distrito por una ruta previamente señalada, entregando la mercancía a distintos comerciantes. Consecuencia inevitable de la naturaleza del trabajo, es que no pueden almorzar en sus hogares o en un área predeterminada sino que seleccionan el sitio más accesible durante sus travesías. La sala sentenciadora concluyó que la responsabilidad que tienen los querellantes de proteger el camión y la mercancía transportada, convierte la hora de almuerzo en horas de trabajo por limitarles su libertad de acción, [1] ello en base a las modalidades de turnarse para almorzar—mientras uno almuerza el otro cuida el camión—y que en ocasiones compran la comida y la consumen en el vehículo.

---

[1] Al considerar este extremo debemos tener presente que la libertad de acción de los querellantes para dedicarse a otras actividades durante la hora de almuerzo es relativa, por encontrarse lejos de sus hogares, su comunidad y respectivos centros de actividades.

En *López Figueroa* v. *Valdés,* 94 D.P.R. 238, 255 (1967), un caso que planteaba entre otros aspectos, el de la compensabilidad de las horas extras bajo la doctrina de tiempo de espera,([2]) dijimos:

"Se ha reconocido a ciertos períodos de inactividad dentro de la faena laboral, la característica o naturaleza de períodos de trabajo compensándose como tal, debido a que en ellos el empleado no tiene libertad para dedicarse a aquellas labores que desee y debe estar alerta, preparado y sujeto a ser llamado para trabajar."

Seguidamente añadimos:

"Pero en este sentido, no puede asegurarse que exista una norma fija para determinar cuándo ese período de espera es compensable, y es necesario considerar las circunstancias de cada caso en conjunto, como resolvimos en *Sucn. Meléndez* v. *Central San Vicente,* 86 D.P.R. 398, 402 (1962)."

■ Aunque en dicho caso no estaba envuelta la hora para tomar alimentos, los principios expuestos son orientadores para resolver la cuestión ante nos.

La Ley Núm. 379 de 1948, Art. 14 (29 L.P.R.A. sec. 283) dispone que el período para tomar alimentos será compensado a tiempo doble, mientras que el Art. 13 otorga a todo querellante, cuya reclamación prevalezca, una suma igual a la obtenida en concepto de liquidación de daños y perjuicios. Inspira la concesión de este período, establecido dentro de la jornada diaria de trabajo, el proteger la salud de los obreros, concediéndoles tiempo para que puedan alimentarse y descansar.

■ En el caso de autos, no hay controversia en cuanto a que los empleados disponían de una hora para almorzar y de que efectivamente almorzaban. El patrono les había instruido específicamente que debían tomar una hora para almorzar;([3])

---

([2])Véanse: *Deyá* v. *Otis Elevator Co.,* 91 D.P.R. 669 (1965) y *Sucn. Meléndez* v. *Central San Vicente,* 86 D.P.R. 398 (1962).

([3]) El tribunal concluyó que ". . . [e]llos deciden si almuerzan o nó [*sic*] y nadie está detrás de ellos para supervisarlos."

incluso, les entregaba, a manera de dieta, $2.00 para ello. La limitación aducida de que ambos empleados no pueden simultáneamente alejarse mucho del camión, no les impide que almuercen y descansen, ya sea en el camión, o en un lugar desde donde puedan visualizarlo. Por lo tanto, determinamos que tal limitación es mínima e incidental, consustancial a la responsabilidad que tiene todo empleado de cuidar de los instrumentos de trabajo o de los productos que tiene bajo su control. Ello no es impedimento para que puedan realizarse las actividades que de ordinario implica la hora de almuerzo en consonancia con los laudables propósitos de la ley.

En virtud de lo expuesto, *se revoca la resolución dictada por el Tribunal Superior, Sala de Mayagüez el 26 de junio de 1974, y en su lugar se dictará Sentencia declarando sin lugar la querella interpuesta.*

El Juez Asociado Señor Martín no intervino.