**DORADO BEACH HOTEL CORP., Plaintiff,**

v.

**UNION de TRABAJADORES de la INDUSTRIA GASTRONOMICA de PUERTO RICO, LOCAL 610, etc., Defendants.**

**Civ. No. 90–2628 HL.**

United States District Court, D. Puerto Rico.

Jan. 21, 1993.

Agustin Collazo–Mojica, Lespier & Munoz–Noya, San Juan, PR, for plaintiff.

Francisco Aponte–Perez, Santurce, PR, for defendants.

## OPINION AND ORDER

LAFFITTE, District Judge.

Before the Court are cross motions for summary judgment to vacate and enforce a labor arbitration award pursuant to section 301 of the Labor Management Relations Act.[1] Plaintiff Dorado Beach Hotel Corporation ("Dorado") seeks to vacate an arbitrator's award in favor of members of Defendant Unión de Trabajadores de la Industria Gastronómica de Puerto Rico, Local 610 ("Local 610").

The Collective Bargaining Agreement ("CBA") between the parties herein became effective on June 1, 1988. Pursuant to the grievance procedure, provided for in Article XV of the CBA, Local 610 filed on March 20, 1990 a grievance with Dorado's personnel department. Local 610 alleged that two bakers had not been properly compensated during the last eight and nineteen years, respectively. Specifically, it claimed that they had worked during their meal periods and that therefore they were entitled to wages above their normal pay scale

---

1. 29 U.S.C.A. § 185 (West 1978).

for those hours. Dorado claimed that the grievance was not timely filed pursuant to Article XV, which requires that grievances be filed within five days of their alleged occurrence. Dorado also claimed that the bakers had received proper compensation for the time that they had worked.

On April 20, 1990, Local 610 filed a request for arbitration. A hearing was held on April 20, 1990. On November 14, 1990, the parties made their submissions to the arbitrator. Local 610 made the following submission:

> That the Honorable Arbitrator determine if the Employer owes or not the grievants the legal and contractual compensation for having worked during their meal periods since they began working for the Hotel, determining, also, that referring to prescriptive periods.

Dorado's submission was the following:

> That the Arbitrator determine if the claim raised by the grievants is prescribed according to the terms established in the Collective Bargaining Agreement. If so, that the claim be dismissed. If not, determine if the same is valid from the moment of filing the same or from the date of the effectiveness of the Collective Bargaining Agreement.

By a decision dated November 20, 1990, the arbitrator accepted Local 610's submission. He also rejected Dorado's claim that the grievance was not arbitrable. The arbitrator found that the two bakers had worked from 5:00 a.m. to 11:00 a.m. without having a break for a meal and that this was in violation of Law 379.[2] Accordingly, the arbitrator ruled that Dorado should have paid the two bakers at double their regular wage rates for their meal-time periods. He awarded them back-pay and also ruled that pursuant to local law[3] Dorado should pay them an additional amount equal to that which they were now owed. Additionally, the arbitrator ruled that, pursuant to local statute of limitations law,[4] this obligation to pay covered the last ten years.

Dorado now seeks to have the arbitrator's decision vacated. It claims that the arbitrator did not have jurisdiction to issue an award for grievances that occurred before the current CBA took effect on June 1, 1988; that the CBA's 5-day time limit for filing a grievance precluded an award for more than five days' worth of meal periods; and that the assessment of the additional amount as a penalty was inappropriate. Local 610 argues that the award draws its essence from the CBA and should be entitled to the deference that courts generally give to arbitrators' decisions. For the reasons set forth below, the Court affirms in part and vacates in part the arbitrator's decision.

**2.** The pertinent part of Law 379 reads as follows:

> The period assigned for taking food should commence not before the conclusion of the third, nor after the commencement of the sixth consecutive hour of work, so that at no time would the employees be required to work more than five consecutive hours without pausing in their duties to take food.
>
> Every employer who employs or permits an employee to work during the period fixed for taking food, shall be bound to pay for said period or fraction thereof at a wage rate equal to double the rate agreed upon for regular hours.

P.R. Laws Ann. tit. 29, § 283 (1985). On August 17, 1990, other parts of Law 379 were amended. *See* Leyes de Puerto Rico Anotadas tit. 29, § 283 (Supp.1992). This amendment did not alter the above-cited passage.

**3.** The arbitrator stated that the bakers were entitled to this additional amount under Law 96, which reads in pertinent part as follows:

**Claims by employees**

> (a) Any laborer or employee who receives a lower compensation than that fixed [by law] ... shall be entitled to recover through a civil action the unpaid difference ... plus an amount equal to the unpaid amount as additional compensation....

P.R. Laws Ann. tit. 29, § 246b (1985).

**4.** The arbitrator relied on the following statute:

**Limitation of actions**

> \*   \*   \*   \*   \*   \*
>
> (b) Where the employee is working with the employer, the claim shall include only the wages to which the employee may be entitled, on any score, during the last ten (10) years immediately preceding the date on which he may institute the judicial action.
>
> \*   \*   \*   \*   \*   \*

P.R. Laws Ann. tit. 29, § 246d(b) (1985).

## STANDARD

■ Arbitrators interpret and apply the collective bargaining agreement by bringing their informed judgment to bear in order to resolve a dispute in a fair manner. *United Steelworkers v. Enterprise Wheel and Car Corp.*, 363 U.S. 593, 597, 80 S.Ct. 1358, 1361, 4 L.Ed.2d 1424 (1960). It is their responsibility to give the contract a reasonable construction in order to avoid harsh, illogical, or absurd results. Elkouri & Elkouri, *How Arbitration Works* 91 (4th ed. Supp.1991). Extraordinary deference will be given to the conclusions reached by an arbitrator. *Dorado Beach Hotel Corp. v. Unión de Trabajadores de la Industria Gastronómica de P.R. Local 610*, 959 F.2d 2, 3–4 (1st Cir.1992). It is one of federal labor law's basic principles that, absent unusual circumstances, where parties submit a dispute to binding arbitration, they are bound by the outcome of such proceeding. *Posadas de Puerto Rico Associates, Inc. v. Asociación de Empleados de Casino de Puerto Rico*, 821 F.2d 60, 61 (1st Cir.1987). The arbitrator's award is generally non-reviewable by the courts. *Bettencourt v. Boston Edison Co.*, 560 F.2d 1045, 1048–1049 (1st Cir.1977). If the courts had the final say on the merits of an award, the federal policy of settling labor disputes by arbitration would be undermined. *United Steelworkers*, 363 U.S. at 596, 80 S.Ct. at 1360.

■ As long as the arbitration award " 'draws its essence from the collective bargaining agreement' " and is not just applying the arbitrator's " 'own brand of industrial justice,' " the award is legitimate and will be upheld. *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 36, 108 S.Ct. 364, 370, 98 L.Ed.2d 286 (1987) (quoting *United Steelworkers*, 363 U.S. at 597, 80 S.Ct. at 1361). A court is not authorized to reconsider the merits of an award even though a party may allege that the award is based on a misinterpretation of the contract. *Misco*, 484 U.S. at 36, 108 S.Ct. at 370. As long as an arbitrator is arguably construing or applying the contract and acting within the scope of his authority, the fact that a court is convinced he committed serious error is not enough to overturn the decision. *Id.* at 38, 108 S.Ct. at 371; *Georgia–Pacific Corp. v. Local 27*, 864 F.2d 940, 944 (1st Cir.1988). If the court can find within the four corners of the agreement any plausible basis for the arbitrator's interpretation, it should be upheld. *El Dorado Technical Services, Inc. v. Unión General de Trabajadores de Puerto Rico*, 961 F.2d 317, 319 (1st Cir.1992). Additionally, even if an arbitrator has made a serious mistake about some of the facts, the award should remain in effect. *Id.* at 320; *Air Line Pilots Ass'n Int'l v. Aviation Assoc., Inc.*, 955 F.2d 90, 93 (1st Cir. 1992). Moreover, a court should not sit to hear claims of an arbitrator's legal error. *Misco*, 484 U.S. at 38, 108 S.Ct. at 370.

■ Although the arbitrator's decision enjoys a substantial degree of deference, this does not mean that the arbitrator has "carte blanche approval" for any decision that he might make. *Dorado Beach Hotel*, 959 F.2d at 4; *International Brotherhood of Firemen Local 261 v. Great Northern Paper Co.*, 765 F.2d 295, 296 (1st Cir.1985). Courts may vacate an arbitrator's award when its reasoning is so " 'palpably faulty that no judge or group of judges could ever conceivably have made such a ruling, or is mistakenly based on a crucial assumption which is decidedly a non-fact.' " *Challenger Caribbean v. Unión Gen. de Trabajadores*, 903 F.2d 857, 861 (1st Cir.1990); (quoting *In re Hotel Da Vinci, Inc.*, 797 F.2d 33, 34 (1st Cir.1986)).

## DISCUSSION

### A. The award for work done prior to June 1, 1988

Dorado argues that the arbitrator had no jurisdiction to grant an award for work performed by the two bakers prior to the period covered by the CBA. In *Dorado Beach Hotel Corp. v. Unión de Trabajadores, etc.*, 317 F.Supp. 217 (D.P.R.1970), this Court had before it an almost identical fact situation involving these same two parties. In that case, the collective bargaining agreement took effect on September 14, 1967. On September 3, 1969, Local 610 filed a grievance claiming that for the pre-

vious eleven years the employees at a Dorado Beach Hotel bar had been working eight hours without receiving a one-hour break to eat. Local 610 claimed that the workers were therefore entitled to double-time compensation retroactive to 1958. Dorado asserted the same defenses that it asserts here. That is, that the arbitrator had no jurisdiction to rule on claims prior to the term of the collective bargaining agreement and that any award of more than five days was inappropriate because of the five-day time limit for filing a claim. *Id.* at 218–21.

■ The arbitrator ruled in favor of Local 610 and made an award retroactive to 1958. The court disagreed, holding that the arbitrator had altered the provisions of the collective bargaining agreement by extending it to 1958. The arbitrator had no jurisdiction to rule on the grievances that allegedly occurred prior to September 14, 1967, the date that the collective bargaining agreement took effect. *Id.* at 222. In the case currently before the Court, the same reasoning applies. An arbitrator does not have jurisdiction to adjudicate grievances that have occurred outside the period of the collective bargaining agreement. *Id.; See also Litton Financial Printing v. N.L.R.B.,* — U.S. —, —, 111 S.Ct. 2215, 2227, 115 L.Ed.2d 177 (1991) (Layoffs occurring after the expiration of a collective bargaining agreement are not subject to arbitration.);[5] *Hosp. Emp., Local 1273 v. Deaton Hosp. & Med. Ctr.,* 671 F.Supp. 1049, 1051 (D.Md.1986) (Arbitrator did not have power to order reinstatement and back-pay for a time period after the collective bargaining agreement had expired.). In this case, the arbitrator's award is for back-pay retroactive to 1980. However, Article XXIX of the CBA states that

the contract does not take effect until June 1, 1988. Accordingly, that part of the award does not draw its essence from the present collective bargaining agreement.

■ An arbitrator may not ignore the plain language of a contract. *Misco,* 484 U.S. at 38, 108 S.Ct. at 371. His award must draw its essence from the collective bargaining agreement and cannot reflect his own notion of industrial justice. *Id.* at 36, 108 S.Ct. at 370. Article XV, section 5 of the CBA states, "The award of the arbitrator shall be final and binding on the parties *provided* it conforms to law and *does not vary or alter the provisions of this Contract.*" (emphasis added). As stated above, the CBA took effect in 1988. Therefore, when the arbitrator made an award for work performed prior to 1988, he was altering the effective date of the CBA. The arbitrator had neither the power nor the authority to grant a retroactive award for grievances that allegedly occurred before the CBA took effect. Therefore, the Court vacates that part of the award for work performed during the meal time periods before June 1, 1988.

■ The arbitrator cited to Puerto Rico statute of limitations law[6] to justify his granting an award for the bakers' meal periods for the last ten years. As the Court discusses below, the arbitrator is entitled under this CBA to look to local law. Article XV, section 5 of the CBA makes the arbitrator's award binding so long as it conforms to law. However, this includes federal law as well as local law. *See Hilton Int'l Co. v. Unión de Trabajadores,* 600 F.Supp. 1446, 1449 (D.P.R.1985) (A clause in the collective bargaining agreement requiring that an arbitrator's award must be "in accordance to law" means that an arbitrator's ruling cannot violate estab-

**5.** The Court in *Litton* stated that some post-contract grievances would be arbitrable. To be arbitrable these grievances must involve rights accruing or vesting under the collective bargaining agreement, or rights carrying over after expiration, "not as legally imposed terms and conditions of employment but as continuing obligations under the contract." — U.S. at —, 111 S.Ct. at 2227. Deferred compensation would be an example of a right that continues after expiration and that thus gives rise to arbi-

tration. *Id.* In the case currently before the Court, Local 610 claimed that the bakers were not properly compensated at the time they did their work. Their claim to a higher contractual wage rate is not a right that accrues or carries over after the contract has expired. Rather, it is a right whose legal enforceability through arbitration expired when the contract expired.

**6.** See footnote 4, above.

lished principles of federal labor law.). Under federal law, an arbitrator's award must draw its essence from the collective bargaining agreement. *Misco*, 484 U.S. at 36, 108 S.Ct. at 370. The rationale for the award must be evident in the four corners of the agreement. *El Dorado Technical*, 961 F.2d at 319. In the case before the Court, Article XXIX says that the CBA shall take effect on June 1, 1988. Nothing within the four corners of the CBA justifies changing its effective date to 1980. Thus, a retroactive award for a time outside of the CBA's scope would be contrary to federal law. The arbitrator ignored the plain language of Article XXIX and his award for the period prior to June 1, 1988 must be vacated.

The Court notes that the arbitrator rejected Dorado's submission and adopted Local 610's submission which requested "[t]hat the Honorable Arbitrator determine if the Employer owes or not the grievants the *legal* and contractual compensation for having worked during their meal periods since they began working for the Hotel...." (emphasis added). A submission may confer authority upon an arbitrator to invoke public laws. *Challenger Caribbean*, 903 F.2d at 866. However, it may not serve as authority for the arbitrator to issue an award that does not draw its essence from the labor agreement. Thus, making the award retroactive to 1980 is squarely "in violation of established principles of federal labor law." *See Hilton Int'l. Co.*, 600 F.Supp. at 1449.

B. *The award for work done after June 1, 1988*

■ In reaching his decision that the bakers were entitled to double-time for their meal periods, the arbitrator considered Law 379,[7] cases from the Puerto Rico Supreme Court,[8] and Article VII of the CBA. Article VII defines the regular and premium pay hours of work. Section 4 of that article states, "Work performed dur-

ing the employee's meal period shall be compensated at a rate equal to two (2) times the employee's regular hourly rate of pay." The arbitrator was arguably construing or applying the contract and acting within the scope of his authority. *See Misco*, 484 U.S. at 38, 108 S.Ct. at 371. Accordingly, the Court affirms that part of the arbitrator's award for work performed by the bakers during the period covered by the CBA.

■ Dorado also argues that it should not have to compensate the bakers for the time period covered by the CBA. Article XV, section 1 of the CBA requires that a worker file a grievance within five days of its alleged occurrence. Dorado argues that therefore the workers' claims are only valid for the five days prior to the filing of their grievance. The Court disagrees. In the case of an ongoing or continuance violation, time limits for filing a grievance are not applied. Elkouri & Elkouri, *supra* at 55. Local 610's grievance was for an alleged ongoing violation. Accordingly, the five-day time limit for filing the grievance does not take effect here.

■ Dorado further claims that the arbitrator erred in assessing Dorado with a penalty that is established in local law, but not in the CBA. In his decision, the arbitrator assessed the penalty pursuant to section 246b(a) of title 29,[9] which provides that a worker who is owed back-pay be compensated an additional amount equal to that which he is owed. Article XV, section 5 of the CBA states, "The award of the arbitrator shall be final and binding on the parties provided it conforms to law and does not vary or alter the provisions of this Contract." Such language entitles an arbitrator to incorporate Puerto Rico law not inconsistent with well established principles of federal labor law. *See Dorado Beach Hotel*, 959 F.2d at 4; *Challenger Caribbean*, 903 F.2d at 866–67. In *Dorado Beach Hotel*, the collective bargaining agreement

7. See footnote 2, above.

8. *Almodóvar v. Cervecería India, Inc.*, 103 D.P.R. 407, 3 Official Translations 567 (1975); *Salgado*

v. *Superior Court*, 9 P.R.R. 355 (1965); *Pamblanco v. Union Carbide*, 90 P.R.R. 693 (1964).

9. See footnote 3, above.

had a clause [10] almost identical to that contained in Article XV, section 5. The court there held that this clause entitled the arbitrator to assess a penalty under section 246b(a). 959 F.2d at 3–5. This Court makes the same holding: the language of Article XV, section 5 of the CBA allowed the arbitrator to assess Dorado with a penalty under section 246b(a).

WHEREFORE, the Court vacates in part and affirms in part the arbitrator's decision of November 20, 1990. The Court vacates that part of the award dealing with work performed by the bakers prior to June 1, 1988. The Court affirms that part of the award covering work done by the bakers during the time period covered by the CBA. Judgment shall be entered accordingly.

IT IS SO ORDERED.

---

**10.** The clause at issue in *Dorado Beach Hotel* provided, "The award of the arbitrator shall be final and binding on the parties provided the same conforms to law...." 959 F.2d at 4 n. 2.