**Ana E. Acevedo ARROYO, et al. and Sonia Aponte Laboy, et al., Plaintiffs–Respondents,**

v.

**PUERTO RICO SUN OIL COMPANY, Defendant–Petitioner.**

Civil Nos. 91–1975 (DRD), 91–2621.

United States District Court, D. Puerto Rico.

Feb. 16, 1996.

Miguel A. Cabrera, Naguabo, PR, for Ana E. Acevedo Arroyo, Elsa Lopez–Gonzalez, Juan Lopez–Lebron, Manuel Lopez–Lebron, Roberto Lopez–Sampayo, Andres Martinez–Pinton, Luis Angel Marrero–Mora, Ismael Martinez, Martin Medina–Medina, Ramon I. Melendez–Rivera, Juan A. Mendoza, Angel Millan, Hermenegildo Moctezuma, Eugenio Morales, Hector R. Morales–Arroyo, Rogelio Morales–Morales, Wilfredo Nieves–De–Leon, Felix A. Ocacio–Marrero, Juan Luis Ocasio, Eric O. Ortiz–Infante, Julio L. Ortiz, Pablo R. Ortiz–Carrasquillo, Wilfredo Pagan–Rivera, Edwin Pedroza, Jose E. Pena–Pratts, Hipolito Perez, Mariano Perez, Osvaldo Perez–Serrano.

Miguel A. Cabrera, Naguabo, PR, Lou A. Delgado, Hato Rey, PR, for Francisco Martinez, Esteban Marrero–Vera, Jose A. Medina–Laboy, Victor Merced–Vazquez, Luis R. Pena–Peneiro.

## OPINION AND ORDER

DOMINGUEZ, District Judge.

On July 16, 1991 and November 18, 1991, plaintiffs/respondents Ana E. Acevedo Arroyo, *et al.,* and Sonia Aponte Laboy, *et al.,* respectively filed an action pursuant to the provisions of the Commonwealth of Puerto Rico Law Number 379 of May 15, 1948, as amended, 29 P.R.L.A. § 271 *et seq.,* Sec. 283, against defendant-petitioner before the Superior Court of Puerto Rico, Humacao Section, under dockets CS 91–1141 and CS–91–1933, respectively.

Both complaints alleged that defendant-petitioner owed plaintiffs back wages for unpaid meal periods retroactive for the last ten (10) years from the day the complaints were filed, allegedly the meal periods had been improperly compensated in violation of Act 379, *supra.*[1]

On August and December, 1991, timely petitions of removal were filed in each case by defendant-petitioner claiming that this Court had original jurisdiction on the basis of federal question jurisdiction since the underlying state law claims arose under the provisions of Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185. Section 301, gives district courts jurisdiction over "suits for violations of contracts between an employer and a labor organization representing employees in an industry affecting commerce."

On March 25, 1992, Chief U.S. District Judge Gilberto Gierbolini, issued an "Opinion and Order" (Docket No. 16) granting defendants' requests for removal and defendants' Motion to Consolidate both claims. The Court held that plaintiffs' portion of its state law claims which fell within the time period covered by the provisions of the collective bargaining agreements between the parties was *"preempted and that removal of that portion of the plaintiffs-respondents' claims to this forum is proper"*. The Court stressed that the preemptive force of § 301 is so powerful that it displaces entirely any state cause of action for violation of a contract between an employer and a labor organization. *Franchise Tax Board v. Construction Laborers Vacation Trust,* 463 U.S. 1, 23, 103 S.Ct. 2841, 2853–54, 77 L.Ed.2d 420 (1983).

The Court further ordered the parties to file an informative motion notifying the specific time periods the collective bargaining agreements between the parties were in effect.

Consequently, on April 24, 1992 a joint informative motion (Docket No. 17) was filed notifying the Court that "there has been in existence and effect a series of three (3) collective bargaining agreements between the parties from July 24, 1988 until this date

---

1. 29 LPRA 246d authorizes employees to recuperate back wages accrued based on a collective bargaining agreement for a period of ten years from date of ceasing employment or from date of judicial action if employee is employed.

(April 24, 1992) and continuing until June 1, 1994".

The first of these collective bargaining agreements was in effect from July 24, 1988 through June 1, 1989, and was extended until the parties negotiated a second collective bargaining agreement, which became effective on July 7, 1989 through June 1, 1991. The third collective bargaining agreement covered the period from June 1, 1991 to June 1, 1994. At present the parties are being governed by a fourth collective bargaining agreement. Prior to July 24, 1988, the employees of Puerto Rico Sun Oil Company had been working in a non-union environment.

■ This Court has sole and exclusive jurisdiction over all of those claims ordered removed which fall within the time period covered by the collective bargaining agreements in existence between the parties prior to July and November of 1991, dates in which plaintiffs' claims were filed before the Humacao Superior Court of Puerto Rico.

Neither the Superior Court of Puerto Rico, nor the arbitrator who will be presiding over the claims filed under the grievance procedure of the collective bargaining agreement today in effect, has jurisdiction to entertain these claims. According to Section 301 of the Labor Management Relations Act, (29 U.S.C. § 185), they **ARE ABSOLUTELY PREEMPTED FROM EXERCISING JURISDICTION OVER THE CLAIMS ORDERED REMOVED, SPECIALLY SINCE THOSE CLAIMS ARISE OUT OF EXPIRED COLLECTIVE BARGAINING AGREEMENTS.** *Franchise Tax Board v. Construction Laborers Vacation Trust,* supra.

■ As indicated by Judge Gierbolini in his Order of March 25, 1992, the instant complaint is an action arising under § 301 of the Taft–Hartley Act, 29 U.S.C. § 185. The substantive law to apply in 301 suits "is federal law, which the courts must fashion from the policy of our National Labor Laws … but state law, if compatible with the purposes of § 301, may be resorted to in order to find the rule that will best effectuate the federal policy." *Textile Workers Union v. Lincoln Mills of Alabama,* 353 U.S. 448,

456–457, 77 S.Ct. 912, 918, 1 L.Ed.2d 972 (1957). However, in Section 301 causes of action under LMRA "incompatible doctrines of local law must give way to principles of federal labor law." *Local 174, Teamsters v. Lucas Flour Co.,* 369 U.S. 95, 102, 82 S.Ct. 571, 576, 7 L.Ed.2d 593 (1962). Expressly rejected by the Supreme Court was that states remained "free to apply local rules when called upon to enforce such agreements." *Local 174, Teamsters v. Lucas Flour,* id. at p. 102, 82 S.Ct. at p. 576.

■ On September 28, 1995 the court (Docket No. 42) issued an order to show cause why the wage claim spanning retroactively various years in duration should not be limited exclusively to the collective bargaining agreement in effect when the case was filed pursuant to the doctrine of *Litton Financial Printing v. NLRB,* 501 U.S. 190, 209, 111 S.Ct. 2215, 2227, 115 L.Ed.2d 177 (1991) and *Dorado Beach Corp. v. Local 610,* 811 F.Supp. 41 (D.P.R.1993). Expressing the issue in a different light, does the doctrine of *Litton Financial Printing v. NLRB,* supra, that grievances filed after the expiration of contracts are not arbitrable prevail or does local state law authorizing wage grievances retroactive to ten years prevail under 29 LPRA 246b over the doctrine of *Litton Financial Printing v. NLRB,* supra.

In the cases of *Litton Financial Printing v. NLRB,* supra, and *Dorado Beach Hotel Corp. v. Local 610,* supra, the Courts held that grievances occurring after the expiration of a collective bargaining agreement, during a period in which no agreement was in effect, as well as those occurring before the effectiveness of an agreement, are not arbitrable because arbitration is a matter of contract and will not be imposed beyond the scope of the parties agreement. Hence, the arbitrator cannot adjudicate these grievances, neither can this Court.

There are some exceptions. In *Litton,* the Court stated that some post contract grievances would be arbitrable. 501 U.S. at 209, 111 S.Ct. at 2227. "To be arbitrable these grievances must involve rights accruing or vesting under the collective bargaining agreement, or rights carrying over after ex-

piration, not as legally imposed terms and conditions of employment, but as continuing obligations under the contract. Deferred compensation would be an example of a right that continues after expiration and that thus gives rise to arbitration." *Dorado Beach,* 811 F.Supp. at 45 n.5 (quoting *Litton,* 501 U.S. at 209, 111 S.Ct. at 2227).

In *Dorado Beach, supra,* the court held that the hotel bakers' right to obtain wages for work performed during their meal hour periods was not a right that accrued or carried over after expiration of a contract.

"In the case currently before the Court, Local 610 claims that the bakers were not properly compensated at the time they did their work. Their claim to a higher contractual wage rate is not a right that accrues or carries over after the contract has expired. **Rather, it is a right whose legal enforceability through arbitration expired when the contract expired.**"

The instant consolidated cases encompass claims for alleged wages for work performed during the meal hour period exactly as in *Dorado Beach,* supra. These claims occurred during a period of three years from July 24, 1988 to July and November of 1991, periods of expired collective bargaining agreements. During this period of time the union as well as its members failed to claim their rights through the arbitration procedure included in their respective agreements. They failed to use the grievance procedure and instead choose to file their claims before the local court. By not presenting their claims on time and through the proper contractual channels, they lost any right to claim these wages. As was mentioned in *Dorado, supra,* their right to pursue their claims through the arbitration procedure was lost when the contracts expired.

As of this date and as of the date of the filing, all of the collective bargaining agreements which existed during the period of time from July 24, 1988 to June 1, 1991 have expired. Consequently, the court cannot enforce any of the causes of action covering these expired agreements. *Dorado Beach,* supra.

Inasmuch as arbitration was the employees sole remedy under the contracts, no court, federal or commonwealth, can afford them relief.

Under the policy of Section 301 the contracts executed between the parties are equally binding and enforceable on both parties. Neither the parties nor an arbitrator can vary or alter their provisions. *Dorado Beach Hotel Corp. v. Unión de Trabajadores,* 317 F.Supp. 217 (D.P.R.1970).

Since there is no substantive matter to rule upon, this court is impeded from entertaining claims like the ones before it that have its origins in expired collective bargaining agreements.

■ Further, the Court holds that the local state law authorizing wage claims retroactively for ten years is "incompatible" with the federal law established in *Litton Financial Printing,* supra, limiting claims to the life of a contract and as such "must give way" to established "principles of federal labor law." *Iocal 174, Teamsters v. Lucas Flour Co.,* supra, at 102, 82 S.Ct. at 576.

The claims of plaintiffs for the period covered from July 24, 1988 until June 1, 1991, which were ordered removed to this court are preempted and are dismissed with prejudice for the reasons set forth above.

The parties have requested that the claims from the period of July 16, 1991 and November 18, 1991 respectively, to June 4, 1994 be remanded to an arbitrator to be seen pursuant to the collective bargaining agreement procedures. The Court agrees and issues judgment remanding the case to arbitration pursuant to the request of both parties. Claims covered by expired collective bargaining agreements from July 24, 1988 to June 1, 1991[2] are preempted and are hereby **dismissed.**

IT IS SO ORDERED.

### JUDGMENT

The claims of Plaintiffs in the instant consolidated cases covered by collective bargain-

---

**2.** Periods of the claim, not subject to coverage by the collective bargaining agreements are not preempted and, thus, not subject to dismissal.

**66**

ing agreements that had expired prior to filing dates, that is the collective bargaining agreements from July 24, 1988 until June 1, 1991, are preempted by federal law. Wage meal claims occurring during said expired collective bargaining agreements are dismissed pursuant to the mandate of the Supreme Court in the case of *Litton Financial Printing v. NLRB,* 501 U.S. 190, 209, 111 S.Ct. 2215, 2227, 115 L.Ed.2d 177 (1991) and *Dorado Beach Corp. v. Local 610,* 811 F.Supp. 41 (D.P.R.1993). State Law that is "incompatible ... must give way to principles of federal labor law." *Local 174, Teamsters v. Lucas Flour,* 369 U.S. 95, 102, 82 S.Ct. 571, 576, 7 L.Ed.2d 593 (1962). States are not "free to apply local rules when called upon to enforce such agreements" when the local rules are "incompatible" with "federal labor law." *Local 174, Teamsters v. Lucas Flour,* supra. Periods of the wage claim not covered by collective bargaining agreements are not subject to federal labor law preemption under Section 301 of the LMRA, 29 U.S.C. 185 and are, thus, not covered by the judgment.

The parties have requested that the claims of plaintiff from the period of July 16, 1991 (Ana E. Acevedo Arroyo, et al.) and November 18, 1991 (Sonia Aponte Laboy et al.) to June 4, 1994 be remanded to the arbitrator to be seen pursuant to the collective bargaining agreement procedures. The Court agrees. Judgment is issued accordingly. The arbitrator is to have jurisdiction over the subject matter acting compatible with this opinion.

IT IS SO ORDERED.