**ASOCIACION DE EMPLEADOS DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO, Plaintiff,**

v.

**UNION INTERNACIONAL DE TRABAJADORES DE LA INDUSTRIA DE AUTOMOVILES, Defendant.**

**Civil No. 05–1986 (FAB/CVR).**

United States District Court,
D. Puerto Rico.

Sept. 11, 2007.

Gina Ismalia Gutierrez–Galang, Jorge Martinez–Luciano, Emil J. Rodriguez–Escudero, Pedro Ortiz Alvarez Law Offices, Ponce, PR, for Plaintiff.

Miguel Simonet–Sierra, Lopez Lay Vizcarra & Simonet, San Juan, PR, for Defendant.

## OPINION AND ORDER

CAMILLE L. VELEZ–RIVE, United States Magistrate Judge.

### INTRODUCTION

On September 16, 2005, defendant "Unión Internacional de Trabajadores de la Industria de Automóviles, Aeroespacio e Implementos Agrícolas, U.A.W., Local 1850" ("Local 1850") removed the instant case to this Court under 28 U.S.C.S. § 1441(a) alleging this Court had original jurisdiction, arising under Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. (Docket No. 1).

On October 17, 2005, "Asociación ·de Empleados del Estado Libre Asociado de Puerto Rico" ("AEELA") moved to remand the action for alleged lack of jurisdiction claiming that § 301(a) was inapposite to this case. (Docket No. 8). Local 1850 opposed the motion to remand and the Court requested simultaneous memoranda on the issue of whether AEELA was engaged in an industry affecting commerce. After the parties' compliance, the

Court issued an Opinion and Order on August 3, 2006 denying the motion to remand. (Docket No. 16).

On August 14, 2006, Local 1850 answered the Request for Review and filed a Counterclaim against AEELA seeking a permanent injunction enforcing the arbitrator's award and requiring AEELA to comply with the same. (Docket No. 20).

On September 5, 2006, AEELA filed a "Motion to Dismiss the Counterclaim" claiming it failed to state a justiciable matter and, thus, the court lacked jurisdiction to entertain the same. The Motion to Dismiss was duly opposed by Local 1850. (Docket Nos. 24 and 30).

On October 30, 2006, upon the parties' consent to proceed before a United States Magistrate Judge, the instant case was referred to the undersigned for all further proceedings. (Docket No. 41).

On November 20, 2006, AEELA filed a "Motion for Reconsideration of the Court's Opinion and Order Denying Plaintiff's Motion for Remand" (Docket No. 43) which was denied by the Court. (Docket No. 45).

On January 10, 2007, the parties were ordered to file reciprocal motions for summary judgment. After requesting several extensions of time, the parties filed their respective motions for summary judgment. (Docket Nos. 58 and 60). In essence, AEELA challenges the arbitration award and the remedies ordered by the arbitrator. In turn, Local 1850 seeks to enforce the arbitration award.

We now entertain the pending dispositive motions which have been fully briefed and for which the proper translations have been filed.

## UNCONTESTED FACTS

In 1999, AEELA, a non profit savings and loan membership association, terminated five (5) employees (Ana Negrón, Graciela Benítez, Martín Aulet, Eduardo Falcón and César T. Colón) for allegedly performing unauthorized transactions which had the effect of erasing outstanding disaster loans and which constituted fraudulent actions detrimental to AEELA.

AEELA and Local 1850 are parties to a collective bargaining agreement ("CBA") under which grievances were filed by the Local 1850 on the employees' behalf claiming the terminations were unjustified because the alleged "unauthorized transactions" were the result of a programming error. The grievances were submitted for arbitration to the Department of Labor and Human Resources where they were consolidated. On July 22, 2005, after extensive hearings were conducted, the arbitrator held the terminations were unjustified and ordered the reinstatement of the employees, back pay and attorneys' fees.

On August 22, 2005, AEELA filed a Request for Review of Findings in the Puerto Rico Court of First Instance alleging error and seeking vacation of the arbitration award. (Docket No. 6, Exhibits 1 and 2). On September 16, 2005, Local 1850 filed Notice of Removal before this Court under 28 U.S.C.S. § 1441(a) alleging this Court had original jurisdiction, arising under Section 301 of the LMRA, 29 U.S.C. § 185. (Docket No. 1). The Request for Review is the object of the instant case for which AEELA is requesting a review of the arbitration award.

AEELA raised in the Request for Review the following five (5) errors: 1) the arbitrator did not evaluate the evidence in accordance to law when it ruled the dismissals were unjustified; 2) the arbitrator ordered remedies (reinstatement, back pay and legal fees) which are contrary to law, the jurisprudence and the CBA; 3) the arbitrator did not apply the applicable legal doctrine to the facts; 4) the arbitrator

erred in designing an agreement for submission which is contrary to the CBA, the contention of the parties and the evidence; and 5) the arbitrator erred by ruling over such controversy in a prejudiced manner responding to pressures alien to said controversy, in full breach of the due process of law for the AEELA.

AEELA only raised in its Motion for Summary Judgment that the arbitrator's conclusions that the terminations were unjustified is not supported by the evidence and that, even if the challenged terminations were unjustified, the arbitrator was without legal authority to award reinstatement, back pay and attorney's fees. As such, we only address in detail these two (2) issues which dispose of the case.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." See Fed.R.Civ.P. 56(c). The party moving for summary judgment bears the initial responsibility of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). Once the moving party has satisfied this requirement, the nonmoving party has the burden of presenting any facts that demonstrate a genuine issue for trial. Fed.R.Civ.P. 56(e); *LeBlanc v. Great American Ins. Co.,* 6 F.3d 836, 841 (1st Cir.1993). The nonmovant must do more than show "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). An issue is genuine when, based on the evidence, a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252, 106 S.Ct. at 2512.

## DISCUSSION

### A. Standard of Review of Arbitration Award.

It is well established that a federal court's review of an arbitrator's decision is extraordinarily deferential. *See Keebler Co. v. Truck Drivers, Local 170,* 247 F.3d 8, 10 (1st Cir.2001); *Wheelabrator Envirotech v. Massachusetts Laborers Dist. Council Local 1144,* 88 F.3d 40, 43 (1st Cir.1996); *Service Employees Int'l Union v. Local 1199 N.E.,* 70 F.3d 647, 651 (1st Cir.1995); *Dorado Beach Hotel Corp. v. Union de Trabajadores de la Industria Gastronómica de Puerto Rico,* 811 F.Supp. 41, 44 (D.Puerto Rico 1993). "Judicial review of an arbitration award is among the narrowest known in the law." *Maine Cent. R.R. Co. v. Bhd. of Maintenance of Way Employees,* 873 F.2d 425, 428 (1st Cir.1989). A reviewing court generally does not hear claims of legal or factual error the way an appellate court reviews a lower court's decisions. *United Paperworkers Int'l Union v. Misco, Inc.,* 484 U.S. 29, 38, 108 S.Ct. 364, 370, 98 L.Ed.2d 286 (1987); *Wheelabrator,* 88 F.3d at 43. Judicial review of an arbitrator's decision requires the court to consider both the collective bargaining agreement and the arbitral submission. *Larocque v. R.W.F., Inc.,* 8 F.3d 95, 96 (1st Cir.1993); *El Dorado Technical Services, Inc. v. Union General De Trabajadores de Puerto Rico,* 961 F.2d 317, 320 (1st Cir.1992).

A court should uphold the arbitrator's interpretation of the CBA if, within the four corners of the CBA, there is

any plausible basis for that interpretation. *Wheelabrator*, 88 F.3d at 44; *El Dorado*, 961 F.2d at 319; *Dorado Beach*, 811 F.Supp. at 44. A court may not overrule an arbitrator's decision merely because its interpretation of the CBA is different from the arbitrator's. *United Steelworkers of America v. Enterprise Wheel and Car Corp.*, 363 U.S. 593, 599, 80 S.Ct. 1358, 1362, 4 L.Ed.2d 1424 (1960); *Boston Med. Ctr. v. Serv. Employees Int'l Union*, 260 F.3d 16, 21 n. 4 (1st Cir.2001); *Labor Relations Div. of Constr. Indus. v. Int'l Bhd. of Teamsters*, 29 F.3d 742, 745 (1st Cir.1994); *Dorado Beach Hotel Corp. v. Union De Trabajadores De La Industria Gastronómica De Puerto Rico*, 959 F.2d 2, 4 (1st Cir.1992). If the arbitrator is "even arguably construing or applying the contract and acting within the scope of his authority," a court may not overturn the decision, even though the court may be convinced that the arbitrator committed a serious error. *Misco*, 484 U.S. at 38, 108 S.Ct. at 371; *Providence Journal v. Providence Newspaper Guild*, 271 F.3d 16, 20 (1st Cir.2001); *Labor Relations Div. of Constr. Indus. v. Int'l Bhd. of Teamsters*, 29 F.3d at 745. If the CBA's language, taken in context with the surrounding circumstances, is susceptible to different meanings, a reviewing court may not meddle in the arbitrator's choice between two permissible interpretations. *El Dorado*, 961 F.2d at 320. If a reviewing court had the final say on the merits of an arbitrator's award, the federal policy of settling labor disputes by arbitration would be undermined. *United Steelworkers*, 363 U.S. at 596, 80 S.Ct. at 1360; *Posadas de Puerto Rico Associates, Inc. v. Asociación de Empleados de Casino de Puerto Rico*, 821 F.2d 60, 61 (1st Cir.1987); *Dorado Beach*, 811 F.Supp. at 44.

An arbitrator's decision, however, is not entitled to *carte blanche* approval. *Larocque*, 8 F.3d at 96–97; *Dorado Beach Hotel*, 959 F.2d at 4; *Dorado Beach*, 811 F.Supp. at 44. The arbitrator may not ignore the CBA's plain language. *Misco*, 484 U.S. at 38, 108 S.Ct. at 371. Only in a few exceptional circumstances is a court entitled to vacate an arbitration award. A court may intervene when the party challenging the award establishes that the award was " '(1) unfounded in reason and fact; (2) based on reasoning so palpably faulty that no judge, or group of judges, ever could conceivably have made such a ruling; or (3) mistakenly based on a crucial assumption that is concededly a non-fact.' " *McCarthy v. Citigroup Global Markets, Inc.*, 463 F.3d 87 (1st Cir.2006); *New England Health Care Employees Union v. R.I. Legal Serv.*, 273 F.3d 425, 427 (1st Cir.2001) (*quoting Teamsters Local Union No. 42 v. Supervalu*, 212 F.3d 59, 66 (1st Cir.2000)); *Wheelabrator*, 88 F.3d at 43–44. The award " 'must draw its essence from the contract and cannot simply reflect the arbitrator's own notions of industrial justice.' " *Eastern Associated Coal Corp. v. United Mine Workers*, 531 U.S. 57, 62, 121 S.Ct. 462, 466, 148 L.Ed.2d 354 (2000) (*quoting Misco*, 484 U.S. at 38, 108 S.Ct. at 371); *Larocque*, 8 F.3d at 97; *Challenger Caribbean Corp. v. Union General De Trabajadores de Puerto Rico*, 903 F.2d 857, 861 (1st Cir.1990). The court must refuse to overturn an award unless the arbitrator acted in a manner for which neither side could have bargained. *Wheelabrator*, 88 F.3d at 44; *Federación Central de Trabajadores v. Vaquería Tres Monjitas, Inc.*, 194 F.Supp.2d 61, 64–66 (D.Puerto Rico 2002).

## B. Findings of the Arbitrator.

It is undisputed that an arbitration was held in this case in response to a grievance filed by Local 1850, pursuant to the CBA between the AEELA and Local 1850, to challenge the termination from employ-

ment of the five (5) employees. Local 1850 argued the dismissals were without just cause. In turn, AEELA argued the employees had committed several breaches of the Manual for Rules of Conduct and Disciplinary Measures related to the commission of fraud under a common accord and agreement in detriment of AEELA, and thus, the dismissals were justified. An award was rendered by the arbitrator, after analyzing the CBA and the testimonial and documentary evidence, ruling that the terminations were not justified. The arbitrator expressly indicated in the award that the "employer did not prove justification for any dismissals of complainants involved in this case" and from the evidence presented by the employer "it is not conclusive that there was any type of scheme, and neither is it evident that complainants had incurred into such alleged infractions." (Docket No. 50, Exhibit 2, p. 42).

In reaching her conclusion, the arbitrator held hearings on multiple days starting in November 16, 2000 until June 28, 2003 in which the testimonies of diverse witnesses and documentary evidence was presented on behalf of all the parties. The case was submitted on January 28, 2005, date which was granted for the parties to submit their allegations.

The parties were not able to reach an agreement under submission, therefore, each party presented a proposed submission. The arbitrator then ruled the issue to be resolved was: "determine whether the complaining parties' dismissal was justified or not; and if ruled non-justified, then the arbitrator provide for the adequate remedy therein." (*Id.* p. 3).

A review of the complete record before us shows that, after analyzing the evidence presented by AEELA and Local 1850 on behalf of the five (5) dismissed employees at the hearing and their written submis-

sions, the arbitrator concluded the dismissals were not justified. In reaching her conclusion, the arbitrator took into consideration the testimonies of all the witnesses at the hearing, including the testimonies and audit reports of the auditors who carried out the investigation at AEELA which resulted in the dismissal of the employees. The testimonies of these auditors showed that, from their investigation, it could not be concluded that the employees at issue committed any of the violations filed against them and they were not consulted as to the disciplinary measures which were going to be taken.

In essence, auditor Carlos Pagán testified that none of the audit reports concluded the dismissed employees breached norms covered within AEELA's Rule of Behavior Manuals. Auditor Ramón Rivera testified they do not deal with whether the employees committed any fraudulent or deceitful act, malicious alteration of AEELA's records or had any conflict of interest but, if he had found evidence that any infraction was committed, he would have included same in his report. Auditor Evelyn Delgado testified that from her investigation it was not conclusive whether anyone had or had not committed fraud, forgery or malicious alteration, had breached the applicable regulations or had benefitted therein. (Id, pp. 42–43).

In turn, Orlando Vargas testified he made an investigation based on the recommendations of the above three (3) audit reports and based on his investigation he recommended the employees dismissed. (Id, p. 43). The arbitrator did not credit the conclusion reached by Vargas because from his own testimony it was evident that his investigation only consisted of analyzing the three (3) auditor's work mentioned above, interviewing the same persons the auditors interviewed about the same is-

sues, analyzed the same documents and read the audit reports.

Thus, the arbitrator concluded there were "no elements in this case which can draw us to conclude that said employees committed the stated violations, since the employer did not provide proof to said effect." (Id, p. 45). The arbitrator further noted the employer never interviewed the employees, "it did not provide proof about what said scheme consisted of, who or which of the employees headed it, how they dealt with each other, or if any if them had thus profited". (Id, p. 45). In addition, the arbitrator stated the " . . . employer did not present any evidence relating to such a serious general observance, neither was it able to prove that complainants committed any specific violations." (Id).

The arbitrator found employees Colón and Aulet were discharged because they followed orders given to them by Francisco Ugarte, Auxiliary Director of the Branch Department, who supervised them both. (Id, p. 54). In addition, the arbitrator determined that, even though employees Negrón, Benítez and Falcón were discharged by AEELA, because their loans had been erased from AEELA's computer system, there was no evidence these employees in common accord planned with the Account Reviewers to have their loans erased from AEELA's computer systems in an attempt to defraud or deceive AEELA. (*Id.* p. 51).

After assessing the testimonies of some of the witnesses and adjudicating credibility, the arbitrator further concluded "that there was a problem which some called a 'programming error' and it is also evident that the Asociación [AEELA] took no steps whatsoever to clarify which were the reasons why disaster loans were duplicated in the way that it happened." (Id, p. 49).

Thus, the arbitrator rejected the position of AEELA and determined AEELA never complied with its burden of proving the dismissed employees had committed any fraudulent acts in violation of AEELA's Norms of Conduct and Disciplinary Measures Manual, as claimed by AEELA. In fact, the arbitrator concluded that "the Asociación [AEELA] lacked evidence to prove commission of fraud, allegations born upon the complainants were based upon mere conjectures and personal opinions, which can and must not be considered at the time when these employees' behavior had to be evaluated." (*Id.* p. 52). Thus, the arbitrator determined the terminations were not justified and there was no just cause for them.

A review of the entire record shows this is certainly a plausible interpretation by the arbitrator of the evidence presented before her. As stated above, the Court must afford great deference to the arbitrator's ruling.

 Accordingly, in the present case, AEELA's challenge to the arbitrator's decision that the terminations were unjustified does not survive the extreme deference the award must be afforded. Applying the above standard of review to this case, we conclude the arbitrator's ruling that the terminations were unjustified in this case draws from a plausible interpretation of the evidence and facts presented to the arbitrator at the hearing, in addition to the arbitrator's interpretation of the CBA and AEELA's Norms of Conduct and Disciplinary Measures Manual. The arbitrator assessed credibility of the witnesses and concluded the actions of the five (5) employees did not constitute a violation of AEELA's Norms of Conduct and Disciplinary Measures Manual. The arbitrator acted within the scope of her authority.

■ We also find the arbitrator applied the applicable legal doctrine to the facts. The arbitrator correctly determined the standard of proof in this case was preponderance of the evidence. *In re Santos Vias,* 122 D.P.R. 881 (1988). (Id, p. 46). Applying this standard, the arbitrator concluded that "... we are certain that both within the criminal as well as within the arbitral sphere, proof needs to be given, which has not happened, that complainants incurred in the alleged infractions, more so when these are of such seriousness." (*Id.* pg. 56).

■ Finally, we note AEELA has failed to show the arbitrator's decision that the terminations were unjustified in this case is (1) unfounded in reason and fact; (2) based on reasoning so palpably faulty that no judge, or group of judges, ever could conceivably have made such a ruling; or (3) mistakenly based on a crucial assumption that is concededly a non-fact. *McCarthy,* 463 F.3d at 87.

In view of the foregoing, we conclude the arbitrator did evaluate the evidence in accordance to law and the CBA when she ruled the dismissals were unjustified. As such, we will not disturb this portion of the arbitrator's award.

## C. Adequacy of the Remedy Imposed by the Arbitrator.

AEELA contends the arbitrator in this case lacked authority to award the remedies of reinstatement, back pay and attorney's fees. AEELA claims that Article 27, Section G of the CBA, applicable to the challenged arbitration proceedings, provides that arbitration awards shall be rendered "in accordance to the law." AEELA avers that, under Puerto Rico law, Law 80 severance pay constitutes the exclusive remedy available to illegally terminated employees, absent a finding of some form of discrimination proscribed by any

of the applicable anti-discrimination legislation or an independent tortuous act. As such, AEELA contends Law 80 does not allow an award of reinstatement or back pay and is restricted to severance pay. Accordingly, AEELA claims the arbitrator acted *ultra vires* in ordering a relief which was beyond the scope of authority conferred by the CBA, as it was not available as a matter or law. (Docket No. 58, p. 8).

In turn, Local 1850 claims the remedies granted by the arbitrator were proper because "[n]othing in the submission of the arbitration case or the CBA between the parties provides that the parties have agreed to have the severance pay provided by Law 80 as the specific and only remedy for AEELA's decision to discharge employees without cause." In essence, Local 1850 avers that in this case there was no specific limitation in any of the submissions proposed by the parties nor in the CBA, thus, the award and the remedy was at the arbitrator's discretion. (Docket No. 60, p. 8).

The parties in this case were not able to reach an agreement under submission, therefore each party presented a proposed submission. The submission proposed by AEELA was that the "arbitrator rule whether the dismissal of complainants was justified in accordance with the CBA and applicable law." The submission of Local 1850 was that the arbitrator "rule if the dismissals of Graciela Benítez, César T. Colón, Eduardo Falcón and Martín Aulet were justified or not. If ruled unjustified, that any remedy deemed to be appropriate be ordered therein including, but not limited to, fees, among others." (Id, p. 2).

Since the parties were not able to reach an agreement as to the joint submission, the arbitrator ruled that the issue to be resolved was: "determine whether the complaining parties' dismissal was justified

or not; and if ruled non-justified, then the arbitrator provide for **the adequate remedy therein.**" (Emphasis supplied) (*Id.* p. 3). Thus, the arbitrator used the words "adequate remedy therein" in the submission she drafted instead of the language "in accordance to law" as called for in Article 27, Section G of the CBA.

■ First, we need to determine whether the arbitrator erred in designing an agreement for submission which is contrary to the CBA, the contention of the parties and the evidence, as alleged by AEELA. We find that the arbitrator did not err in construing the submission because an "adequate remedy", as worded by the arbitrator in the submission, is equivalent to a remedy "in accordance to law" as called for by the CBA.

The Black Law Dictionary defines an "adequate remedy at law" as "a **legal** remedy (such as an award of damages) that provides sufficient relief to the petitioning party, thus preventing the party from obtaining equitable relief." (Emphasis supplied) *Black's Law Dictionary*, 1320 (8th ed.1999). In turn, the word "legal" is defined as "of or relating to law; falling within the province of law; established, required, or permitted by law; lawful." *Id.* p. 912. Thus, we conclude the choice of words of the arbitrator in the submission she crafted as "adequate remedy" is equivalent to an award "in accordance to law."

Accordingly, any possible distinction between the choice of words of the arbitrator in the submission and the CBA is inconsequential.

To rule otherwise (that "adequate remedy" and "in accordance to law" are not equivalent) would lead us to rule the arbitrator erred in construing the submission. If we were to interpret "adequate remedy" to include any remedy within the discretion of the arbitrator (including remedies not contemplated by Law 80 for an unjustified dismissal, like for example: reinstatement and back pay), it would imply the arbitrator modified the CBA allowing an "adequate remedy" different and more ample that the remedy provided by the CBA which is to be "in accordance to law" (*i.e.* Law 80 exclusively, as explained below). This would be a clear violation of Article 27, Section H of the CBA which states that the arbitrator may "not add, ignore, modify or in any way alter provisions of this Agreement ..." by fashioning a remedy contrary to the CBA, and the applicable law.

In view of the above, and taking into account the deference which should be accorded to an arbitrator's interpretation of the submission, we conclude the arbitrator did not err in construing the submission in this case inasmuch an "adequate remedy" is the equivalent to a remedy "in accordance to law" as required by the CBA.[1]

1. Even though AEELA challenged in its Request for Review the submission construed by the arbitrator, it did not challenge said submission in its summary judgment request. The extraordinary deference that courts must give to an arbitrator's decision on the merits also applies to the arbitrator's interpretation of the submission. *Int'l Ass'n of Machinists v. Tennessee Valley Auth.*, 155 F.3d 767, 772 (6th Cir.1998); *Madison Hotel v. Hotel and Restaurant Employees*, 144 F.3d 855, 857–58 (D.C.Cir.1998); *El Dorado*, 961 F.2d at 321; *Pack Concrete, Inc. v. Cunningham*, 866 F.2d 283, 285–86 (9th Cir.1989); *Champion Int'l Corp. v. United Paperworkers Int'l Union*, 779 F.2d 328, 335 (6th Cir.1985); *Mobil Oil Corp. v. Indep. Oil Workers Union*, 679 F.2d 299, 302 (3rd Cir.1982). A reviewing court should uphold the arbitrator's interpretation provided it can be rationally derived from the parties' submission. *Richmond, Fredericksburg & Potomac R.R. Co. v. Transp. Communications Int'l Union*, 973 F.2d 276, 280 (4th Cir.1992); *High Concrete Structures, Inc. v. Local 166*, 879 F.2d 1215, 1219 (3rd Cir. 1989). Thus, we give deference to the submission crafted by the arbitrator.

██ "In accordance to law" or "pursuant to law" "means that an arbitrator's ruling cannot violate established principles of federal labor law." *Unión Independiente de Trabajadores De Aeropuertos v. Cargo Services Corp.*, 52 F.Supp.2d 292, 296 n. 5 (D.Puerto Rico 1999); *Dorado Beach Hotel Corp.*, 811 F.Supp. at 45–46 (quote contained within a parenthetical for *Hilton Int'l Co. v. Union De Trabajadores De La Industria Gastronomica, Local 610*, 600 F.Supp. 1446, 1449 (D.Puerto Rico 1985)). Further, "[u]nder federal law an arbitrator's award must draw its essence from the collective bargaining agreement." *Id.* (citing *Misco*, 484 U.S. at 36, 108 S.Ct. 364). "In formulating remedies .... his award is legitimate only so long as it draws its essence from the collective bargaining agreement." *Unión Independiente de Trabajadores De Aeropuertos v. Cargo Services Corp.*, 52 F.Supp.2d at 296; *Enterprise Wheel & Car Corp.*, 363 U.S. at 597, 80 S.Ct. 1358.

Section 185a of Puerto Rico Law 80 of 1976 "... has been found to be the exclusive remedy for wrongful termination under Puerto Rico law." *In re El San Juan Hotel Corp.*, 149 B.R. 263, 274 (D.Puerto Rico 1992) (citing *Rodríguez v. Eastern Air Lines, Inc.*, 816 F.2d 24 (1st Cir.1987); *Weatherly v. International Paper Co.*, 648 F.Supp. 872, 875 (D.Puerto Rico 1986); *Vargas v. Royal Bank of Canada*, 604 F.Supp. 1036 (D.Puerto Rico 1985); *Rivera v. Security Nat'l Life Ins. Co.*, 106 D.P.R. 517, 527, 1977 WL 50774 (1977)).

██ The Supreme Court of Puerto Rico has found that Law 80 allows for reasonable attorney's fees in the amount of 25% in a case of an unjust dismissal. *López Vicil v. ITT Intermedia Inc.*, 143 D.P.R. 574, 1997 WL 423411 (1997); *Arce v. Martínez*, 146 D.P.R. 215 (1998).

"The only exceptions to the application of section 185a in cases involving wrongful termination are: (1) if plaintiff is a member of a group protected by other social legislation, (2) if plaintiff has an independent cause of action for a tort committed in the course of the discharge, or (3) if the termination of the plaintiff violated his constitutional rights." *Id.* at 273.

Local 1850 has neither alleged an exception that falls within the above, nor has defendant Local 1850 proffered any evidence to support the application of the exceptions to the instant case. Furthermore, a review of the record of this case shows that the issue submitted to arbitration was exclusively the legality of the dismissals; to wit, whether the employees's dismissals were justified or not. No other issue, cause of action or violation to the CBA was raised by the parties, like for example a claim of discrimination or an independent cause of action for a tortuous act.

In fact, a review of the award in this case shows that, based on the sole issue submitted to the arbitrator, namely, the legality of the dismissal, the arbitrator only found that the dismissals were not justified in violation of Law 80. There is no indication in the award that the arbitrator found that the dismissals also violated the CBA or any other provision. Thus, the proper remedy is the exclusive remedy of Law 80, that is, severance pay in addition to the applicable attorney's fees. "If the arbitrator found no more than a violation of Law 80, an award of reinstatement and back pay would be improper." *Challenger*, 903 F.2d at 868 [2]; *Rodríguez*, 816 F.2d at 24.

---

**2.** In *Challenger*, 903 F.2d at 869, the Court of Appeals for the First Circuit ruled that it was within the arbitrator's decisional discretion to select reinstatement, with back pay, as an appropriate remedy in a case in which the claim involved a violation to Law 80 and a

Thus, we find Law 80 exclusively governs this case. *Challenger*, 903 F.2d at 866 (the CBA language "all decisions shall be rendered according to law" enabled arbitrators application of Puerto Rico law).

■ Consequently, we need to determine whether the remedy provided by the arbitrator in this case which included reinstatement, back pay and attorney's fees for the unjust dismissals on the five (5) employees at issue was proper and sufficiently drawing its essence from the CBA and in accordance to law. The Court finds the arbitrator provided an inadequate remedy not recognized by Puerto Rico Law 80 of 1976 and in violation of the CBA which called for a remedy "in accordance to law." We explain.

The Puerto Rico Supreme Court recently decided in *Corporación del Fondo del Seguro del Estado v. Unión de Médicos de la Corporación del Fondo del Seguro del Estado*, 2007 WL 806054 that "in effect, when a collective bargaining agreement states that the matters submitted to arbitration will be resolved according to law, the arbitrator cannot ignore the substantive law provisions in the field of labor law and should resolve the controversies pursuant to the prevailing legal doctrines." (Translation ours).[3]

In *Unión Independiente de Trabajadores De Aeropuertos v. Cargo Services Corp.*, 52 F.Supp.2d at 292, a union filed suit in the Commonwealth Courts claiming the arbitrator erred and exceeded his authority by granting merely legislated severance pay as the remedy for unjust dis-

missal of four (4) employees. The wording of the CBA called the arbitrator to rule "pursuant to law" and the submission's terms called to rule on "applicable legislation." After removal to this District Court, this District ruled that an arbitrator's award of legislated severance as remedy for an unjust dismissal, rather than reinstatement with back pay, was not subject to review because none of the three (3) exceptions to unreviewability applied. Therefore, from the clear and unambiguous language of the CBA and the Submission, the Court ruled the arbitrator made an award pursuant to Puerto Rico Law 80 which was a suitable remedy, including only severance pay.

In addition, a review of the record shows that Local 1850 has not proffered to the Court language within the CBA mandating that the arbitrator, upon a finding of unjust discharge, rule that the affected employee **must** be reinstated or that the CBA prohibits a remedy of a severance as contemplated under Puerto Rico Law 80, P.R.Laws Ann. tit. 29, § 185 *et. seq.*

Moreover, the proposed submissions of the parties did not include "reinstatement" and "back pay" as a possible remedy in this case. The submission proposed by AEELA was that the "arbitrator rule whether the dismissal of complainants was justified in accordance with the CBA and applicable law." The submission of Local 1850 was that the arbitrator "rule if the dismissals of Graciela Benítez, César T. Colón, Eduardo Falcón and Martín Aulet were justified or not. If ruled unjustified, that any remedy deemed to be appropriate

violation to the CBA. The Court noted that had the layoffs at issue violated only Law 80, "reinstatement with back pay would have been precluded by the exclusivity of the severance pay remedy under Law 80." *Id.*

**3.** We note this decision of the Puerto Rico Supreme Court is of March 6, 2007, therefore, it was not available at the time the arbitrator issued the award in this case which is dated July 22, 2005.

be ordered therein including, but not limited to, fees, among others."

Applying the above case law from the Puerto Rico Supreme Court and this Court to this case, we conclude the arbitrator cannot ignore the substantive law (Law 80) which entails an exclusive remedy of severance pay because the CBA in this case called for the arbitrator to rule in "accordance to law."

Finally, the main grounds under which the arbitrator based the remedy she awarded of reinstatement and back pay are unconvincing. The arbitrator relied on a ruling of another arbitrator which is not binding. The arbitrator also relied in *Junta De Relaciones Del Trabajo v. Securitas, Inc.*, 111 D.P.R. 580, 1981 WL 176461 (1981) which is distinct from this case because in *Securitas*, contrary to this case, the CBA did not indicate that the arbitrator had to rule "in accordance to the law." The arbitrator also relied in *Rivera v. Security National Life Ins. Co.*, 106 D.P.R. 517, 526 (1977) and quoted a portion of said opinion at page 61 of the translation of the award which seems to provide for reinstatement in cases like this one. Nonetheless, a careful reading of said portion shows that it makes reference to a situation in which if the Board rules that an unfair labor practice has been committed because some employees who were engaged in union activities were discharged in violation of the Labor Management Relations Act, reinstatement with or without back pay may be provided. That is not the issue in this case. In fact in *Rivera v. Security National Life Ins. Co.*, it was clearly stated that in cases of ordinary suspension like this one, the employee is only entitled to one month salary formula as indemnity without reinstatement as previously allowed by the predecessor of Law 80, namely, Law 50 of April 20, 1949.

In view of the foregoing, we find the remedy provided by the arbitrator in the award including reinstatement and back pay was beyond the authority conferred in the CBA and was not in accordance to law. Since this portion of the arbitration award was unfounded in reason and fact, review of this portion of the arbitration award is warranted.

Accordingly, the portion of the award granting reinstatement and back pay is VACATED. The remedy shall be limited to severance pay, which is the exclusive remedy under Law 80, in addition to 25% in attorney's fees.

### D. Local 1850's Counterclaim and AEELA's Motion to Dismiss.

As above indicated, Local 1850 filed a Counterclaim against AEELA seeking a permanent injunction enforcing the arbitrator's award and requiring AEELA to comply with the same. (Docket No. 20). Consequently, AEELA filed a Motion to Dismiss the Counterclaim claiming it failed to state a justiciable matter and, thus, the court lacked jurisdiction to entertain the same. The Motion to Dismiss was duly opposed by Local 1850. (Docket Nos. 24 and 30).

Since we have ruled on the merits of this case, Local 1850's Counterclaim and AEELA's Motion to Dismiss the Counterclaim have become moot and are, as such, DENIED.

### CONCLUSION

For the foregoing reasons, the Court AFFIRMS the arbitration award except the portion of the award granting reinstatement and back pay which is VACATED. The remedy for the unjust dismissals shall be limited to severance pay, which is the exclusive remedy under Law 80, and

attorney fees in the amount of 25%.[4]

Accordingly, the Court GRANTS IN PART AND DENIES IN PART both AEELA's Motion for Summary Judgment (Docket No. 58) and Local 1850's Motion for Summary Judgment (Docket No. 60).

In addition, AEELA's Motion to Dismiss (Docket No. 24) is DENIED as moot.

Judgment is to be entered accordingly.

IT IS SO ORDERED.

---

4. Once this Opinion and Order becomes final, the parties are to jointly calculate the severance pay and the corresponding 25% in attorney's fees for each employee in accordance to Law 80, consonant with the above.